LATIMER v. LATIMER.

EVIDENCE—PAROL—CONSIDERATION OF DEED—FRAUD. — Except in cases of fraud, it is not competent to show by parol that a deed, purporting to be based on *good* consideration, and executed for a specific purpose, was based on *valuable* consideration, and executed for an entirely different purpose.

Before BUCHANAN, J., Greenville, November, 1897. Affirmed.

Action by James H. Latimer *v.* Joseph P. Latimer and John H. Latimer, executors of Hewlett Sullivan, for damages for breach of warranty in a deed. The defendants alleged that the following deed was executed in satisfaction of said breach:

Know all men by these presents, that I, Hewlett Sullivan, of the State and county aforesaid, in consideration of the sum of $5 to me paid in hand by M. Louisa Latimer, trustee, the receipt whereof is hereby acknowledged, and also in consideration of the love and affection I bear my nephew, Jas. H. Latimer, of the State and county already mentioned, have given, granted, bargained, sold and released, and by these presents do give, grant, bargain, sell and release and hereby convey to the said M. Louisa Latimer * * * Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging or in any wise incident or appertaining. To have and to hold, all and singular the said premises before described unto the said M. Louisa Latimer, trustee, for the uses and purposes hereafter to be mentioned: 1st. In trust to the said M. Louisa Latimer for the use and benefit of the said Jas. H. Latimer, for and during the term of his natural life, to enjoy the rents and profits thereof, which are not to be levied for any debt which he, the said Jas. H. Latimer, may now owe or hereafter contract; but the said rents are to be applied for his own benefit and that of his wife and children, my object being in thus giving this property that my said nephew, Jas. H. Latimer, his wife and children, shall always have a home and the means of a comfortable support. 2d. That after the death of the said *cestui que trust*, then the title to said real estate hereby conveyed to the said M. Louisa Latimer, as trustee, as aforesaid mentioned, shall vest in the heirs of the body of the said Jas. H. Latimer, the child or children of a deceased parent taking the share to which their ancestor would have been entitled to; and, further, the said M. Louisa Latimer, trustee, is fully authorized herein, and hereby empowered,

if desired by the *cestui que trust*, to sell the said real estate and reinvest the proceeds of sale in other real estate. And I do hereby bind myself, heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said M. Louisa Latimer, her assigns, and unto the heirs of the said Jas. H. Latimer, against me, my heirs and assigns, and all other persons lawfully claiming the same or any part thereof.

From judgment for plaintiff, defendants appeal.

*Messrs. Shuman & Dean,* for appellant, cite: Harp., 393; 2 Hill, 404; Dud., 75; 4 Strob., 96; 32 S. C., 160; 13 S. E. R., 215; 4 Ib., 692; 14 Ib., 419; 38 N. Y., 263; 6 Gray, 513; 32 S. C., 595; 20 S. C., 509.

*Messrs. Lewis W. Parker* and *J. A. McCullough,* contra, cite: 27 Am. St. R., 340; 2 N. & McC., 52; 38 S. C., 397; 10 Rich. Eq., 113; 4 Pet., 88; 47 Am. Dec., 143; 4 Rich., 497; 11 Ib., 603.

Oct. 29, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff brought this action to recover damages for the breach of a covenant entered into by the testator, Hewlett Sullivan, under his hand and seal; and the defendants, in their answer, allege that the said Hewlett Sullivan, in his lifetime, conveyed a large tract of land to the wife of the plaintiff, upon certain trusts therein declared, in consideration whereof the plaintiff agreed to release, and did release, the said Hewlett Sullivan from all liability under the aforesaid covenant. No evidence was offered of any separate release of such liability, either in writing, sealed or unsealed, or by parol; but the contention was that the true consideration of said deed was the release of the said Hewlett Sullivan from his liability under the said covenant. The deed was offered in evidence by the defendants, and it proved to be a deed from Hewlett Sullivan to M. Louisa Latimer, bearing date the 12th of

August, 1886, conveying the land therein described, upon the certain trusts therein declared. A copy of this deed, as set out in the "Case," omitting the description of the land, will be inserted by the Reporter in his report of the case. Dr. Jos. P. Latimer, one of the defendants, was examined as a witness, who, after testifying that he wrote the deed above spoken of, was asked: "What was the consideration of that deed?" for the purpose, as declared by defendant's counsel, of showing "that this debt was paid by the execution and delivery of said deed; that said deed was executed and delivered in payment and discharge of the debt sued on here; and said consideration was agreed on by said Hewlett Sullivan and Jas. H. Latimer." The question was objected to by plaintiff's counsel, as an effort to vary the terms of the recitals contained in the deed by parol testimony. The objection was sustained, and defendant's counsel duly excepted. The trial proceeded, and resulted in a verdict for plaintiff, upon which judgment was duly entered, and from that judgment defendants appeal, upon the several grounds set out in the record, which need not be stated here in detail, as they practically raise the single question, whether there was error in the ruling excepted to.

From an examination of the terms of the deed relied on by defendants, it will appear that there is no hint or suggestion therein contained that it was executed in satisfaction of the claim upon which the plaintiff sued, or in consideration of a release of such claim, and nothing to show that such was its object or purpose. On the contrary, the consideration mentioned in the deed is natural love and affection—a *good* consideration—and there is nothing whatever in the deed which even tends to show that a *valuable* consideration was in the minds of the parties; and the declared object of the deed was "that my said nephew, Jas. H. Latimer, his wife and children, shall always have a home and the means of a comfortable support." We lay no great stress on the use of the words "give" and "giving," though those words are exactly in accordance with the consideration

stated in the deed, and with the declared object of the conveyance. Again, it will be observed that the plaintiff is no party to this deed, and there is nothing in it tending to show that he was in any way bound to release Hewlett Sullivan from his liability on the covenant mentioned above, even if he accepted the supposed benefits which the deed was intended to confer upon him. The conveyance was to M. Louisa Latimer, who, as we understand, is the wife of the plaintiff, upon the following trusts: 1st. "For the use and benefit of the said Jas. H. Latimer, for and during the term of his natural life, to enjoy the rents and profits thereof, which are not to be levied for any debt which he, the said Jas. H. Latimer, may now owe or hereafter contract, but the said rents are to be applied for his own benefit, and that of his wife and children, my object being, in thus giving this property, that my said nephew, Jas. H. Latimer, his wife and children, shall always have a home and means of a comfortable support. 2d. That after the death of the said *cestui que trust*" then the said land shall vest in the heirs of the body of the said Jas. H. Latimer, &c. The question, therefore, is whether it is competent, by parol evidence, to convert this voluntary deed, based on a *good* consideration, the declared object of which was to bestow a bounty upon the nephew of the grantor, together with his wife and children, into a deed based upon *valuable* consideration, executed for a totally different purpose, to wit: to secure a release of the grantor from the legal liability which he had incurred to his nephew. To the question thus stated we do not see how there can be any other answer than that given by the ruling of the Circuit Judge. There can be no doubt that the general rule is that parol evidence is not admissible to contradict or vary the terms of a valid written instrument. 1 Greenleaf on Ev., sec. 275. It is true, that this rule, like most others, is subject to certain exceptions, one of which is that such evidence may be received to vary the amount of the consideration mentioned in the deed. 1 Greenleaf on Ev., sec. 36, note

2; but as is said by the same distinguished author in sec. 285 of the same volume: "Evidence may also be given of a consideration not mentioned in a deed, provided it be not inconsistent with the consideration expressed in it;" and again in sec. 304: "A further consideration may also be proved by parol; if it is not of a different nature from that which is expressed in the deed." As was well said by that wise and able Judge, Johnson, J., in *Garrett* v. *Stuart*, 1 McC., at page 516: "Legitimate considerations are either good or valuable; and after some attention to the subject my mind inclines to the conclusion suggested by one of my brethren, that the distinction is, that where one of these is expressed, parol, cannot at law be admitted to show the other, but that it may be admitted to show a greater or less of the same character." While it is true that this was not the point *decided* in that case, yet it seems to us a correct expression of the rule, or rather the exception to the general rule, and we adopt it as such, with this qualification, that *where fraud is alleged*, it is competent to show by parol that a deed purporting to be based upon a valuable consideration, was, in fact, based upon good and not upon valuable consideration—was a *voluntary* deed. Now, in this case no fraud was alleged, and the evidence in question was offered to show that a deed purporting to be based upon *good* consideration, and executed for a specific purpose, was, in fact, based upon *valuable* consideration, and was executed for an entirely different purpose, and we think there was no error in excluding such evidence. All of the South Carolina cases cited by appellant except *Spencer* v. *Bedford*, 4 Strob., 96, in which fraud was alleged, were cases in which the parol evidence was offered to vary the amount of the consideration—one of them being an offer to show that the real consideration was the exchange of one negro for another, instead of the amount of money named in the instrument of writing—a consideration of like nature, both being *valuable* considerations. We do not think, therefore, that any of those cases

are in conflict with the view which we have adopted. Another view has been suggested by counsel for respondent, which would be fatal to this appeal. If the deed executed by Hewlett Sullivan to M. Louisa Latimer, as trustee for plaintiff and his children, was, in fact, based upon the consideration of a release of the plaintiff's claim against Hewlett Sullivan (which the verdict of the jury in this case shows was a valid legal claim), then such deed would operate as a fraud upon the creditors of the plaintiff, and neither Hewlett Sullivan nor his executors could avail themselves of a fraud in which he participated. See *Johnston* v. *Lewis*, Rice Eq., 40; *Harvin* v. *Weeks*, 11 Rich., 601; *Steele* v. *Atkinson*, 14 S. C., 154.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.