## WHITMAN v. CORLEY.

DEEDS—EVIDENCE—PAROL—CONSIDERATION.—Where a deed expresses a *valuable* consideration, an additional or different *valuable* consideration may be proved by parol.

Before special Judge R. H. WELCH, Saluda, December, 1903. Affirmed.

Action by Bettie A. Whitman against John A. Corley. From judgment for plaintiff, defendant appeals.

*Mr. Barnard B. Evans,* for appellant, cites: *Parol contemporaneous evidence is inadmissible to contradict the terms of a written instrument:* 46 S. C., 372; 52 S. C., 133; 57 S. C., 60; 58 S. C., 125; 59 S. C., 560; Starkie Ev., 648; 6 Ency., 2 ed., 767; 3 McC., 563; 69 S. C., 99; Code of Proc., 102; 69 S. C., 231; 24 S. C., 124; 27 S. C., 376; 16 S. C., 533; 11 Rich. L., 430; 48 S. C., 29; 69 S. C., 87.

*Messrs. J. N. O. Gregory, C. J. Ramage* and *J. W. Thurmond,* contra, cite: *It may be shown by parol that consideration of deed was different from that expressed therein:* 7 Ency., 2 ed., 767; 26 S. C., 304; 1 McC., 514; 14 S. W., 79; 2 Hill, 404; 6 Rich. L., 117; 14 Johns., 210; 20 L. R. A., 101; 32 S. C., 160.

October 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The complaint alleges the conveyance by the plaintiff to defendant of a tract of land in consideration of a promise of future support, and the failure of the defendant to perform his agreement. The answer denies the promise and alleges the conveyance was made in consideration of the sum of two hundred dollars actually paid. The plaintiff recovered judgment and the defendant appeals.

The deed was introduced and was found to express only a consideration of $200. The plaintiff was then allowed

to introduce evidence to the effect that the real consideration was not the payment of $200, but the promise of support set out in the complaint. This evidence was objected to as an attempt to vary the terms of a written instrument by parol, and the alleged error in its admission is the basis of this appeal.

The case of *Latimer* v. *Latimer,* 53 S. C., 483, 31 S. E., 304, is authority for the proposition stated in the syllabus: "Except in cases of fraud, it is not competent to show by parol that a deed, purporting to be based on *good* consideration, and executed for a specific purpose, was based on *valuable* consideration, and executed for an entirely different purpose." But that case recognizes and affirms the rule that where a deed expresses a certain valuable consideration, an additional or a different valuable consideration may be proved by parol.

In *Garrett* v. *Stuart,* 1 McCord, 514, the consideration expressed in a bill of sale of a slave was $1,000. In an action on a warranty of soundness contained in the bill of sale it was held competent to show that the exchange of another slave was the real consideration. *Curry* v. *Lyles,* 2 Hill, 404; *Rountree* v. *Lane,* 32 S. C., 160, 10 S. E., 941; *Rice* v. *Hancock,* Harper, 393; 2 Devlin on Deeds, 823.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*