8113

## BENNETTSVILLE HARDWARE CO. v. GRAY.

CONTRACTS—PAROL EVIDENCE.—A party to a contract may prove by parol any part thereof not contained in the writing which does not vary or contradict it.

Before SHIPP, J., Marlboro, May term, 1911. Reversed.

Action by P. A. Hodges, trading as Bennettsville Hardware Company, against Ansel A. Gray. Defendant appeals.

*Mr. T. I. Rogers,* for appellant, cites: *There can be no waiver of things reserved:* 69 S. C. 304; 74 S. C. 576. *Evidence offered would not vary the terms of the note:* 85 S. C. 493; 81 S. C. 122; 69 S. C. 93; 8 Rich. 35; 2 Bail. 305; 13 S. C. 332; 7 Ency. 91; 35 S. C. 537, 330; 57 S. C. 69; 66 S. C. 68; 16 S. C. 356; 22 S. C. 26.

*Mr. D. D. McColl, Jr.,* contra, cites: *Can chattel mortgage be varied by contemporaneous verbal conditions?* 32 S. C. 246; 83 S. C. 204; 69 S. C. 93; 24 S. C. 128; 13 S. C. 328. *When contract may be rescinded:* 37 S. C. 8; 85 S. C. 486; 74 S. C. 202. *Defendant is estopped to deny acceptance:* 74 S. C. 575.

March 1, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action to foreclose a mortgage, on certain personal property, to wit, a sawmill and log cart.

At the close of the testimony, the plaintiff's attorney made a motion, for the direction of a verdict, on the following grounds:

"Mr. McColl: I move for the direction of a verdict, on the ground that all of the testimony goes to show, that the chattels involved in this controversy were sold to Mr. Gray and kept by him, in his undisputed possession, for a period of about six months and in reply to all of his criticisms or questions, about the character of that property, he was allowed to continue the use of it, until such times as he was satisfied, and then after the period of six months had elapsed, on the seventeenth day of June, he came in and signed an unequivocal promise, to pay for all the chattels

amounting to $378, and that he is precluded by the terms of that written instrument, from now raising the question of an acceptance of the goods, under the sale, or from varying the terms of the written instrument, to show that it is not an absolute promise, to pay the definite sum of $378, at the ascertained and fixed time of November 1, 1904."

The motion was granted and the defendant appealed.

On the 17th of June, 1904, the defendant executed a certain instrument of writing, under his hand and seal, whereby he promised to pay to Bennettsville Hardware Co., three hundred and seventy-eight dollars, on the first of November thereafter; and, in order to secure the payment of said indebtedness, bargained, sold and delivered to the plaintiff, one sawmill complete and one log cart.

For a defense to plaintiff's alleged cause of action, and by way of counterclaim thereto, the defendant alleged:

"That heretofore, during the early part of the year 1904, or the latter part of the year 1903, this defendant made a contract with plaintiff, whereby the plaintiff agreed to sell and did sell, to the defendant a sawmill complete, including saw, at and for the sum of three hundred and forty dollars, at the same time representing and guaranteeing to the defendant, that same was first-class in every respect, and would do good and satisfactory work, he well knowing at the time that the defendant was purchasing said sawmill, for the purpose of sawing lumber, as soon as same could be delivered to him. * * * That he could not get same to work, in anything like a satisfactory manner, and immediately reported to the plaintiff, that said saw mill would not work, and offered to return same to the plaintiff, but at the earnest solicitation of the plaintiff, this defendant employed other mill men to make repeated efforts to get the mill to operate, but finding that they could not do so, this defendant again notified the plaintiff, that said sawmill was worthless to him, as same would not work in a satisfactory manner, and told the plaintiff, that he would not pay any-

thing more therefor, and offered to return the same, includ-
ing the log cart covered by the chattel mortgage mentioned
in the complaint, to the plaintiff and lose the seventy-five
dollars which he had paid in cash thereon; that thereupon
the plaintiff persuaded this defendant to execute to him the
note and chattel mortgage, mentioned in the complaint, by
promising this defendant, that he would send a man to put
said mill in proper condition and make it do satisfactory
work to the defendant, as he had guaranteed it would do,
and then and there promising this defendant that if he failed
to make said mill do work satisfactory to the defendant, he
would take back the mill and cart, and surrender to the
defendant the note and mortgage. * * *

"That by reason of the inferior quality of said sawmill
and its entire failure to come up to the representations and
guarantee, which the plaintiff made to the defendant con-
cerning it, this defendant lost much valuable time and labor
in trying to operate same, large sums of money which he had
to pay out on account thereof, including freight on said saw-
mill, and other expenses which he had to incur, and buying
lumber at a high price to supply the place of lumber intended
to be cut with this sawmill, and was so hampered, hindered
and delayed in his sawmill business that he had to abandon
same, to his damage, one thousand dollars."

The plaintiff, replying to the answer of the defendant and
counterclaim therein set up, alleged:

"That he denies each and every allegation of the said
answer, except as same may be hereinafter admitted or
qualified.

"That the plaintiff admits that heretofore, on or about
the 17th day of December, 1903, the defendant made a
contract with the plaintiff whereby the plaintiff agreed to
sell, and did sell to the defendant, a certain sawmill outfit
and log cart, including with the sawmill a certain saw, all
for the price of four hundred and ten dollars, but the plain-
tiff denies that he represented and guaranteed to the defend-

ant at the same time, that the said sawmill was of any special class, other than it was a good sawmill for the money. The plaintiff, however, did state to the defendant that the said sawmill was guaranteed by the company from which the plaintiff purchased the same, and that in case the defendant became dissatisfied with said sawmill, that he must report the same to the plaintiff, who would then have recourse on the company from which he purchased the same, under its guarantee to plaintiff, but the plaintiff did not represent that the said sawmill was sold as a standard one, but as a low priced one. * * *

"That plaintiff, further replying to the answer and counterclaim of the said defendant, says: That the chattel mortgage was given to secure, not only the purchase price of the sawmill outfit and log cart, but for other indebtedness due to the plaintiff by defendant, and that the said note and chattel mortgage, was not based on any other verbal understanding between the plaintiff and defendant."

It thus appears from the pleadings (1) that the mortgage executed on the 17th of June, 1904, was to secure the payment of the purchase money for the sawmill, etc., which was sold and delivered during the latter part of 1903 or the early part of 1904; (2) that the instrument of writing executed on the 17th day of June, 1904, did not contain all the terms of the contract, entered into between the plaintiff and the defendant, when the property was purchased, and (3) that the defendant's answer alleges, an independent agreement, and the following authorities show that it does not vary, contradict or alter the terms of the written agreement, dated the 17th of June, 1904. *Chemical Co.* v. *Moore,* 61 S. C. 166, 39 S. E. 346; *Ashe* v. *Ry.,* 65 S. C. 134, 43 S. E. 395; *Earle* v. *Owings,* 72 S. C. 362, 51 S. E. 980; *Williams* v. *Salmond,* 79 S. C. 459, 61 S. E. 79; *Holliday* v. *Pegram,* 89 S. C. 73.

We desire to call special attention to the case of *Williams* v. *Salmond,* 79 S. C. 459, 61 S. E. 79, in which it

was held that a contract to repair houses, or to build new ones is separate and apart from a lease of the premises. It may or may not be incorporated in the written lease. If not, it may be made and proved by parol, and an additional consideration to that expressed in the lease, may be shown; also the case of *Holliday* v. *Pegram,* 89 S. C. 73, in which it was held, that where a rent contract is silent as to repairs, evidence is admissible for the purpose of showing, that the landlord, as part of the consideration of the contract, agreed to make repairs.

We see no difference in principle between these cases, and that now under consideration.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MR. JUSTICE FRASER *did not sit in this case.*