### KNIGHTON v. DESPORTES MERC. CO.

#### (112 S. E. 343)

1. DEEDS—VALIDITY DOES NOT DEPEND ON EXPRESSION OF CONSIDERA-TION.—The purpose and function of the consideration in a deed is complete when it fixes and identifies itself as either a good or a valuable consideration, and the validity of the deed does not depend on the real consideration being expressed therein. (Per Hunt, A. A. J.)

2. DEEDS—VALUABLE CONSIDERATION, HOWEVER SMALL, IS SUFFICIENT.—A consideration to be sufficient need not be adequate, if it is only a valuable consideration, however small. (Per Hunt, A. A. J.).

3. EVIDENCE—PAROL EVIDENCE IS ADMISSIBLE TO SHOW A GREATER OR LESS CONSIDERATION THAN THAT SET OUT IN DEED.—When either good or valuable consideration is expressed in a deed, parol evidence cannot be admitted to show the other, but may be admitted to show a greater or less amount of consideration of the same character, except that upon the allegation of fraud it may be shown by parol evidence that a deed purporting to be based upon a valuable consideration was in fact based upon a good consideration. (Per Hunt, A. A. J.)

4. EVIDENCE—PAROL EVIDENCE OF CONSIDERATION FOR DEED HELD AD-MISSIBLE IN COLLATERAL ACTION.—In an action by the obligor on notes against the payee under Civ. Code 1912, § 2519, to collect double the amount of usurious interest paid, where a deed from the payee to the obligor expressed a money consideration, parol testimony was admissible to show that part of the consideration for the deed was that the obligor abandoned his claim for the payment of usurious interest, since the parol evidence did not tend

to modify the deed, being received in an independent action in which the validity of the deed was not in question. (Per Hunt, A. A. J.)

5. EVIDENCE—RULE EXCLUDING PAROL EVIDENCE HELD NOT TO EXTEND TO NONESSENTIAL ELEMENTS OR TO INDEPENDENT AGREEMENT NOT VARYING WRITTEN AGREEMENT.—Though parol evidence is not admissible to contradict or vary a written instrument, the rule does not extend to formal nonessential features of the written instrument nor to independent agreements which do not contradict, vary, or add to the instrument and which are not inconsistent with it. (Per Cothran, J.)

6. DEEDS—CONSIDERATION UNNECESSARY; CONCEALMENT OR MISREPRESENTATION OF CONSIDERATION DOES NOT AFFECT VALIDITY.—A deed is good without any consideration, and an intentional concealment or misrepresentation of the consideration does not affect the validity of the deed. (Per Cothran, J.)

7. EVIDENCE—PAROL EVIDENCE AS TO AGREEMENT INDUCING EXECUTION OF DEED HELD ADMISSIBLE.—In an action by the obligor of notes against the payee under Civ. Code 1912, § 2519, to recover double the amount of usurious interest paid, parol evidence of agreement that the obligor should abandon his claim for payment of usurious interest was admissible, since it tended to show that the agreement to release the cause of action for usury was an inducement to the execution of the deed. (Per Cothran, J.)

8. EVIDENCE—PAROL EVIDENCE THAT ABANDONING A LAWSUIT WAS PART OF CONSIDERATION FOR DEED HELD ADMISSIBLE.—In an action by an obligor of notes against the payee under Civ. Code 1912, § 2519, to recover double amount of usurious interest paid, defended on the ground that the obligor agreed, as part of the purchase price for lands bought of the payee, to abandon the claim for payment of usurious interest, where a written offer for sale of the land was for $950 and the expressed consideration in a deed was $1,000, upon plaintiff's showing that he got $800 from one source and $150 from another, on defendant's explaining the extra $50 in the consideration as being the amount agreed upon between the parties to settle a claim which plaintiff had against defendant, parol evidence that claims so settled were for the payment of usurious interest, was admissible. (Per Fraser, J. Watts, J., and Gary, C. J., dissenting.)

Before SEASE, J., Fairfield. September, 1919. Affirmed.

Action by Cap. L. Knighton against DesPortes Mercantile Co. Judgment for defendant and plaintiff appeals.

Following are the exceptions of plaintiff to the admission of certain testimony and the charge of the trial Court with reference thereto:

(1) Because his Honor erred in allowing F. A. DesPortes and U. G. DesPortes and G. W. Ragsdale, witnesses for the defendant, to testify over the objection of the plaintiff that, as a part of the consideration of the conveyance of 150 acres of land by the defendant to the plaintiff, the plaintiff agreed to release and forego his claim for usury against the defendant for usurious interest charged and received upon the two notes set forth in the complaint, the error being (a) that such testimony was incompetent under the rule that parol evidence cannot be offered to vary or contradict the terms of a written instrument; (b) because such evidence was incompetent, as tending to show a different kind of consideration from that mentioned in the deed, which was a money consideration; (c) because it was incompetent as a collateral agreement, being without any consideration, outside of the consideration mentioned in the deed.

(2) Because his Honor erred in charging the jury that such alleged agreement would be a defense to the action of the plaintiff, when his Honor should have held that there was no competent evidence to sustain such defense, the alleged agreement to release the usury claim being in violation of the rule prohibiting parol evidence to vary the terms of a written contract and being inadmissible as a collateral agreement, because without independent consideration, and being a different kind of consideration from that mentioned in said deed, and for these reasons such testimony was incompetent, and his Honor's charge based thereon was erroneous.

(3) Because his Honor erred in charging the jury as follows: "If you conclude that is the amount—unless you further conclude that the plaintiff by an agreement, understood by him the nature of a contract, agreed to foreclose

any claim he may have against the defendant by reason of usury. A contract under agreement of that kind is law. Any other contract, there must be a consideration, and the minds of the parties must meet on all the material terms of the contract. In other words, it takes two minds to meet— to form a binding contract of any kind." The error being that, if there was an agreement such as alleged by the defendant, such alleged agreement must have been based on a valuable consideration, and his Honor's charge indicated to the jury that such an agreement need not be based upon a consideration, if the parties understood that they were making such an agreement.

*Messrs. McDonald & McDonald,* for appellant, cite: *Rule as to parol testimony being inadmissible to vary terms of deed:* 23 S. C. 128; 27 S. C. 376; 72 S. C. 410. 1 Ell. Ev., Secs. 576, 578, 580; 10 R. C. L. *"Evidence,"* Secs. 208-9; 222-30; 94 A. S. R. 811; 1 McC. 514; 26 S. C. 304; 68 S. C. 106; 73 S. C. 245; 79 S. C. 460. 2 *Dev. on Deeds,* Sec. 997; 3 McC. 562; Harp. L. 401; 2 Mills Const. Rep. 266; 2 Strob. 122; 13 S. C. 328; 42 S. C. 328; 42 S. C. 1; 53 S. C. 483; 69 S. C. 93; 90 S. C. 541; 104 S. C. 401; 41 N. J. L. 331; 10 Mont. 124; 141 U. S. 510; 1 Ell. Evid. Sec. 578-80; 102 S. C. 138.

*Messrs. Ragsdale & Ragsdale* and *Jas. W. Hanahan,* for respondent, cite: *Testimony to show independent collateral agreement which does not vary terms of deed is admissible:* 1 McC. 514; 2 Hill. 404; 32 S. C. 160; Harp. 393; 53 S. C. 488; 72 S. C. 410; 61 S. C. 166; 79 S. C. 459; 89 S. C. 73; 90 S. C. 454; 85 S. C. 493; 92 S. C. 226; 72 S. C. 362; 65 S. C. 134. *And rule against parol does not apply to the non-essential parts of deed:* 2 McC. 371. *As to proof of consideration:* 22 L. R. A. (N. S.) 492; 10 R. C. L. Sec. 236; 4 Wig. Ev. Sec. 2433; 68 Am. Dec. 638; 97 S. C. 289; 113 S. C. 88; 2 Hill 404; 53 S. C. 488; 68 S. C. 523; 21 A. & E. Enc. L. 1094; 2 A. & E. Ann. Cas. 144; 53 Am. Dec. 185.

April 18, 1922.

The opinion of the Court was delivered by ACTING ASSOCIATE JUSTICE I. H. HUNT. The facts are set out in the "case" as follows:

"This action was commenced .by the service of a summons and complaint on the defendant on the 9th day of March, 1918. The action was brought by the plaintiff against the defendant, a mercantile corporation, to recover the sum of $612.94, being double the amount of usurious interest alleged to have been collected and received by the defendant from the plaintiff on two certain notes given by the plaintiff to the defendant, to wit: Upon one note for $274, dated the 7th day of April, 1905, and payable on the 1st of November, with interest after maturity at the rate of 8 per centum per annum, and upon another note given by plaintiff to defendant for $230, dated March 19, 1907, and payable on the 1st of November after date, with interest after maturity at the rate of 8 per centum per annum, payable annually. The answer of the defendant set up as first defense: First, a general denial; second, that the subject-matter of said suit had been compromised and settled between the parties as part of the consideration of a deed of conveyance of a tract of 150 acres of land conveyed by the defendant to the plaintiff. The case came on for trial at the September, 1919, term of the Court for Fairfield County before Judge Sease and a jury. Testimony was offered by the plaintiff and the defendants, and after hearing the charge of the presiding Judge the jury returned a verdict in favor of the defendant. Upon the verdict so rendered judgment was entered on the ——day of February, 1920. Notice of appeal to the Supreme Court was duly served. The only issues in the case arise upon the rulings of the presiding Judge in allowing certain testimony to be introduced with reference to an alleged compromise and settlement of plaintiff's claim for usury, which

said testimony was duly objected to (1) upon the ground, among others, that such parol testimony was incompetent, because it tended to vary, add to, or contradict the terms of a written instrument, to wit: the deed from the defendant to the plaintiff, mentioned in defendant's answer, and (2) upon his charge with reference thereto."

The exceptions will be reported.

The issues raised on the appeal in this, case present no new question to this Court. The general principles involved have been decided time and time again. Decisions from the early days of our judiciary to the present, clearly, and positively draw the line of demarcation between admissible and prohibited testimony pertaining to written instruments. While the decision in each case was dependent and grounded upon the peculiar facts and expressed language in the written instrument at that time before the Court, fixed general rules and established precedents have been adhered to in each case. A review of the long list of decisions will reveal the fact that it is an irrevocable rule that, when parties put their agreements and contracts in writing, they are legally bound thereby and cannot repudiate, contradict, vary, add to, modify, or alter the expressed terms and conditions therein, unless they come within certain exceptions which are controlled by well-defined rules and established legal principles. Real and personal property rights of the citizen would be jeopardized were the terms and conditions of a written instrument, solemnly executed, dependent upon the slippery memories and the individual consciences of the parties to the transaction. Therefore the law has directed, and the Courts have provided, certain well-defined rules, and exceptions thereto, wherein the rights of the parties are held inviolate and the contract enforced in conformity to its expressed terms and conditions.

The consideration in a deed of conveyance is neither
1, 2 an essential nor a vital element therein, unless it be of a contractual nature. It has no legal status ex-

cept to estop the grantor from alleging that it was without consideration and to prevent a resulting trust in the grantor. The validity of a deed does not depend upon the real consideration being expressed therein. The expressed consideration is the least important of all the elements of that instrument. It, in itself, grants no right, vests no title, and warrants no promise. Its purpose and function is complete when it fixes and identifies itself as either a "good" or "valuable" consideration. The law and the Courts are not concerned as to the actual or real consideration of the instrument. The question is: Is it of such character as to vest the title to the property therein described? It is a fact of general knowledge, and a practice well known to the Courts, that the real consideration of a deed is often withheld for secret reasons and business purposes. A consideration, to be sufficient, need not be adequate; it need only be a valuable consideration, however small.

"A deed is also valid in law, whether the consideration has been actually paid or not, where there is a recital of its payment." Corpus Juris, Vol. 18, p. 162.

"Where a deed is based on a valuable consideration, it is immaterial whether it be wholly paid in money, or partly in other things of value." Corpus Juris, Vol. 18, p. 164.

"Although a deed ordinarily states the consideration, and the expression of a valuable consideration is essential to a deed of bargain and sale, yet a conveyance may be operative and of binding effect even though the consideration is not expressed therein, and a bargain and sale deed is good, although it does not express that the consideration money has been paid. Nor need the amount of the consideration be stated in the conveyance in order to make it a valid one and pass title. Nor does a false statement of the consideration operate as a nullification. The recital in a deed that the consideration thereof had been paid as of the same date, when in fact it has been previously received

as a loan, is not such a variance of fact as to discredit the deed." Corpus Juris, Vol. 18, p. 177.

3.     The consideration expressed in a deed must be either "good" or "valuable." The rule is that, when either is expressed, parol evidence cannot be admitted to show the other, but it may be admitted to show a greater or less of the same character. That rule, however, is subject to the qualification that, where fraud is alleged, it is competent to show by parol that a deed purporting to be based upon a valuable consideration was, in fact, based upon a good consideration. *Latimer v. Latimer,* 53 S. C. 484, 31 S. E. 304.

Among the earlier decisions of this Court on this question may be noted the case of *Curry v. Lyles,* 2 Hill, 404, decided in 1834. The decision in that case seems to have so impressed the judiciary of this State that it has been cited and approved by this Court time and again from the date of its filing to the present. The opinion of the Court was delivered by Judge Johnson and received the concurrence of Judges O'Neall and Harper. The opinion of the Court was, in part, as follows:

"The authorities cited by the counsel for the motion sustain very fully the position taken in the ground of the motion, that parol evidence was admissible to show that the true consideration agreed to be paid by the defendant for the land conveyed to him by the plaintiff, was $1,150 instead of $1,100, as expressed in the conveyance. The general rule certainly is, that parol evidence will not be admitted to contradict, alter or vary the terms of a written contract; and the reason of it is, that the writing is supposed to express the true intention of the parties, and is not subject to the frailties of memory. It cannot, therefore, apply to these formulas which enter into almost every deed, and which are unnecessary to its validity and binding effect. In framing the contract, the intention of the parties is necessarily directed to the thing that is to be done or grant-

ed, and with respect to these it will be supposed that they have expressed precisely what was intended; but with respect to things that are immaterial, and without which the contract would be binding, it will not be supposed that these are always stated with reference to the precise state of the facts. A deed, for example, takes effect from the delivery, without reference to the date which it bears, and would be binding, although it had no date. So a deed without any consideration, one merely voluntary, is binding on the grantor, and so whether it expresses a partial or the full consideration paid. It was not necessary, therefore, to the full and perfect operation of the deed from the plaintiff to the defendant, that it should express the precise consideration agreed to be paid, and it will not be inferred that it was intended to be so expressed.

"*The King v. The Inhabitants of Scammonden,* 3 Term Rep. 474, is directly to the point. An agreement for the purchase of an estate expressed the consideration to be £28, and the question was whether parol evidence was admissible to show that £30 was the true consideration, and Lord Kenyon said it was clear that the party might prove other considerations than those expressed in the deed, and he referred to the case of *Filmer v. Gott,* 7 Bro. P. C. 70, where the considerations mentioned in the deed were £10,000 and natural love and affection; and an issue at law was directed, to try whether natural love and affection formed any part of the consideration, the estate being worth £30,000; and on an appeal to the House of Lords this was confirmed; and upon the finding of the jury that natural love and affection did not enter into the consideration, the Lord Chancellor set the deed aside. So, in the case of *Sheppard v. Little,* 14 Johns. 210, where a consideration of $500 was expressed in a lease and acknowledged to have been received, the party was let into proof.that the money was not in fact paid. The case of *Garrett v. Stuart,* 1 McCord, 514, is decisive of this. There the consideration expressed

in a bill of sale of a negro was $1,000 and in an action on a warranty of soundness contained in it, the Court held that the defendant might give in evidence that another negro given in exchange was the true consideration."

In *Barmore v. Jay*, 2 McCord, 371, 13 Am. Dec. 736, it was held that the principle that parol evidence is inadmissible to add to, vary or contradict a written instrument only applies to the essential and substantial parts of the writing and not to those that are merely formal. The opinion is, in part, as follows:

"The first ground of this motion is advocated on the broad and well established principle that parol evidence is inadmissible to add to, vary or contradict a written instrument. But when associated with the reasons on which it is founded, it is apparent that it only applies to the essential and substantial parts of the writing, and not to those that are merely formal. Thus, in Goddard's case, (2 Rep. 46 Phillips 428), it was held that the delivery of a deed may be shown by parol on a day different from that on which it bears date; from which time alone it can take effect. On this principle alone, in the case of *Jackson ex dem v. Shoomaker* (2 Johnson's Rep. 230), the Court admitted parol evidence to show that a deed bearing date in 1714 was not executed until 1717, and Chief Justice Kent remarks that the date is no part of the substance of the deed, and not necessary to be inserted. The real date is the time of delivery."

In delivering an affirmative opinion of the Court in the case of *Rountree v. Lane*, 32 S. C. 160, 10 S. E. 941, Mr. Justice McGowan said, in part:

"For the purpose of explaining why they had all (including himself) signed the deed to Blanton, W. D. Lane was called, and he was allowed to say that he received no part of the consideration. Mr. Greenleaf, in a note to Section 26, says: 'Though the party is estopped from denying the conveyance, and that it was for a valuable con-

sideration, yet the weight of American authority is in
favor of treating the recital as only prima facie evidence
of the amount of the consideration paid,' etc., citing many
authorities, and among them our own cases of *Garrett v.
Stuart*, 1 McCord, 514, and *Curry v. Lyles*, 2 Hill, 404."

In the case of *Latimer v. Latimer*, 53 S. C. 484, 31 S. E.
305, the Court sustained the Circuit Judge in excluding
parol evidence upon the ground that the consideration in
the wife's deed was natural love and affection, a good con-
sideration, and that it was inconsistent with the terms of the
deed to change it by the proposed testimony into a valuable
consideration.    The late Chief Justice McIver, in delivering
the opinion of the Court, said in part:

"There can be no doubt that the general rule is that parol
evidence is not admissible to contradict or vary the terms of
a valid written instrument.    1 Greenleaf on Ev. § 275.    It
is true that this rule, like most others, is subject to certain
exceptions, one of which is that such evidence may be re-
ceived to vary the amount of the consideration mentioned
in the deed.    1 Greenleaf on Ev., § 36, note 2; but as is
said by the same distinguished author in Section 285 of the
same volume: 'Evidence may also be given of a consider-
ation not mentioned in a deed, provided it be not incon-
sistent with the consideration expressed in it'; and again
in Section 304: 'A further consideration may also be proved
by parol; if it is not of a different nature from that which
is expressed in the deed.'    As well said by that wise and
able Judge, Johnson, J., in *Garrett v. Stuart*, 1 McC., at
page 516: 'Legitimate considerations are either good or
valuable; and after some attention to the subject my mind
inclines to the conclusion suggested by one of my brethren,
that the distinction is, that where one of these is expressed,
parol cannot at law be admitted to show the other, but that
it may be admitted to show a greater or less of the same
character.'    While it is true that this was not the point
decided in that case, yet it seems to us a correct expression

of the rule, or rather the exception to the general rule, and we adopt it as such, with this qualification, that where fraud is alleged, it is competent to show by parol that a deed purporting to be based upon a valuable consideration was, in fact, based upon good and not upon valuable consideration —was a voluntary deed."

The general rule is also held and approved in the case of *Whitman v. Corley,* 72 S. C. 410, 52 S. E. 49. A deed was introduced and was found to express only a consideration of $200. Special Judge R. H. Welch, presiding, allowed the plaintiff to introduce evidence to the effect that the real consideration was not the payment of $200, but the promise of support set out in the complaint. This evidence was objected to as an attempt to vary the terms of a written instrument by parol, and the alleged error in its admission was the basis of the appeal. Associate Justice Woods, in delivering an affirmative opinion of this Court, said:

"The case of *Latimer v. Latimer,* 53 S. C. 483, 31 S. E. 304, is authority of the proposition stated in the syllabus: 'Except in cases of fraud, it is not competent to show by parol that a deed, purporting to be based on good consideration, and executed for a specific purpose, was based on valuable consideration, and executed for an entirely different purpose.' But that case recognizes and affirms the rule that where a deed expresses a certain valuable consideration, an additional * * * valuable consideration may be proved by parol. In *Garrett v. Stuart,* 1 McCord, 514, the consideration expressed in a bill of sale of a slave was $1,000. In an action on a warranty of soundness in the bill of sale it was held competent to show that the exchange of another slave was the real consideration. *Curry v. Lyles,* 2 Hill, 404; *Rountree v. Lane,* 32 S. C. 160, 10 S. E. 914; *Rice v. Hancock,* Harper, 393; 2 Devlin on Deeds, 823."

The case of *Gill v. Ruggles* distinctly draws the line of demarcation between admissible and prohibited parol

testimony in connection with written instruments. It clearly differentiates between considerations that are "contractual" in their nature, and considerations that are merely formal in recital, and do not affect or control the terms and conditions of the instrument. The expressed consideration of the written instrument then before the Court was clearly "contractual in its nature," and, therefore, parol testimony could not be introduced to contradict, vary, add to, or change the amount named therein. It was evidenced by the terms of the agreement that certain. acts and doings of the parties to the contract were dependent and based upon the specific sum named in the consideration, and any change or modification of that amount would materially affect the expressed conditions. This case is first reported in 97 S. C. 278, 81 S. E. 519. In delivering the opinion of the Court, the present Chief Justice said, in part:

"Parol testimony is admissible to show a different consideration from that expressed in a written instrument when it was intended as a mere recital, as this would not otherwise change the terms of the written agreement; but it is not admissible when the consideration is contractual, as in that event such testimony would alter the force and effect of the writing in other respects. The authorities upon which the appellant's attorneys rely fully sustain this proposition. By reference to the contract between said parties, dated the 23rd of December, 1908, it will be seen that the sum of $375,000 was agreed upon as the price of the timber lands, and that the defendant, Ruggles, agreed to furnish that amount and perfect the said purchase upon certain conditions; that said timber lands were to be conveyed to Ruggles, who agreed to pay the consideration of $375,000, and take the title to said property; that the parties to the contract were thereupon to proceed to the organization of a corporation, and in such organization provide for two classes of stock, preferred and common; the preferred stock in the organization was to bear 6 per

cent. per annum cumulative dividends to cover the cash investment of said property, etc., for which the said Ruggles was to furnish the money, as hereinbefore stated. There was a provision that the common stock should be divided as follows: To the said Ruggles and his nominees, 60 per cent. thereof, and to the said Gill and Leib and their nominees, 40 per cent. thereof. Upon the organization of the corporation, Ruggles was to convey the property over to it, and the stock was to be issued and divided in the manner just stated. It will thus be seen that the price of the timber lands, and by whom it was paid, determined the amount of preferred stock, and to whom it should be issued, and that the manner in which the corporation should be organized and controlled was dependent upon these two facts. The parol testimony tended to alter, vary, and contradict the written agreement in these material respects."

In the case of *Scott v. Wiggins,* 113 S. C. 88, 101 S. E. 113, this Court cites and approves the holding of *Curry v. Lyles,* 2 Hill Law, 404. Mr. Justice Gage, in delivering the opinion of the Court, says:

"Since 1834, and before, it has been uniformly held that, notwithstanding the circumstances that a deed may recite a consideration, it is competent to prove by parol testimony what the real consideration was. *Curry v. Lyles,* 2 Hill, 404. Bishop states the case thus: 'The consideration, which is not the promise of the parties, with its special terms and limitations, but merely the thing of value, whereby they were nerved to make the promise, ought always to be open to inquiry by oral evidence.' Bish. on Contracts, § 65."

There are many other reported decisions on this question, some holding one thing and some another, each decision being grounded on the peculiar facts and legal issues at that time before the Court, but all adhering to the fixed

rules and general principles announced and set out in the cases cited herein.

An application of the rules and exceptions thereto will lead to a correct legal conclusion in this case.

The deed expressed a money consideration of $1,000. The parol testimony sought to establish an additional consideration of $612.94 in settlement of a usury claim that the grantee held against the grantor. The deed expressed a "valuable" consideration. The admitted testimony tended to show a consideration of like character for a larger amount. The parol testimony did not contradict, vary, add to, or alter any other part of the written instrument. It did not affect, in any manner, the granting, habendum, or warranty clauses therein, or tend to change or modify the instrument in any of its material parts. The expressed intention of the deed was the conveyance of the fee to 150 acres of land. The amount of the consideration expressed therein was, immaterial to the validity of the deed, except in so far as it fixed the character of the consideration and prevented a resulting trust in the grantor. The admitted testimony was in connection with an independent suit in which the validity of the deed was not in question or in jeopardy. It was in reference to a distinct, independent, collateral contract, which, in no manner, affected the expressed object of the parties in executing the deed. The expressed consideration was not contractual in its nature. No other part of the instrument was dependent, in any respect, upon the exact amount named as the consideration. The deed was intact and its validity unimpaired after 'the introduction of the testimony.

The admission of the testimony in this case did not conflict with that sound and salutary rule, and established principle, that parol testimony shall not be admitted to contradict, vary, add to, or alter a written instrument. Its admission came within the exceptions to the rule.

The charge of the Circuit Judge was sufficiently full and clear to convey the correct legal principles to the jury. The appellant' has shown no prejudicial error herein.

Affirmed.

MR. JUSTICE COTHRAN (concurring) : I think that there was no error in the admission of testimony or in the charge of the Circuit Judge, as assigned by the appellant, and that the judgment of the Circuit Court has attained the justice of this case and should be affirmed.

This is an action for $612.94, double the amount of usurious interest collected by the defendant from the plaintiff upon two notes executed and delivered by the plaintiff to the defendant, the dates, maturities, amounts, and rates of interest being as follows: (1) April 7, 1905, November 1, 1905, $274, 8 per cent. per annum. (2) March 19, 1907, November 1, 1907, $230, 8 per cent. per annum. Both notes were paid by the plaintiff on March 13, 1912, the amount of interest, calculated at 10 per cent. compounded annually, paid by the plaintiff upon both notes to the defendant, was $306.47. This action is brought under Section 2519, Vol. 1, Code of Laws, A. D. 1912, for double that amount—$612.94. It is conceded that the defendant violated the provisions of that section and at one time was liable to the plaintiff for the penalty stated. The defendant contends however, that, in a subsequent real estate transaction between itself and the plaintiff, his claim for said penalty was incorporated and compromised, conceded, and released. To sustain that contention the defendant offered parol evidence that the release of that claim was a part of the consideration of a certain deed, which will be more fully explained, executed, and delivered by the defendant to the plaintiff on November 28, 1916. Over the plaintiff's objection the testimony was admitted by the Circuit Judge, and the jury rendered a verdict in favor of the defendant. The plaintiff has appealed, as-

signing error in the admission of that testimony and in the charge of the Circuit Judge.

The facts of the case, which appear to be conceded on all sides, are these:

The "case" is singularly barren of dates, and so far as they are concerned the statement herein must of necessity be exceedingly indefinite. Prior to the year 1916, possibly as far back as 1903, the plaintiff was the owner of a tract of land containing 364 acres. He had bought it for $1,000, paid part of the purchase price, and given his note secured by mortgage for the remainder. This note and mortgage were assigned to the defendant. Subsequently the plaintiff gave a second mortgage to the defendant. In 1916 the defendant instituted foreclosure proceedings against the plaintiff upon both mortgages. That suit resulted in a decree of sale, and the property was advertised for sale. Pending the sale the plaintiff conveyed the tract of 364 acres to the defendant in satisfaction of the debt (the date of this deed is not stated, though it is assumed to have been in the year 1916, prior to November 28th). Thereafter the defendant leased the place to the plaintiff for five years. On November 28, 1916, a short time after the conveyance of the 364 acres to the defendant, the plaintiff, anxious to recover a part of his old home, purchased from the defendant 150 acres of it, including the home site. Accordingly, a deed was executed by the defendant conveying the 150 acres to the plaintiff, upon a stated consideration of $1,000.

There the parties diverge: The plaintiff testifies that the purchase price of the 150 acres was $950; that he secured $800 from one source and 150 from another and paid both sums to the defendant; that nothing was said in reference to a settlement of the usury claim of which he was at that time fully advised and which he held against the defendant. The defendant offered testimony to the effect that the plaintiff's demand on account of the usury was fla-

grant at that time; that, when the plaintiff came to get back the 150 acres, he was told by the defendant, "We would not sell him one foot unless he had the usury charge against us withdrawn;" that he could have the land for $950. "If he would drop the usury charge against us;" that "he agreed to do that." "We told him we would not let him have any back unless he withdrew this usury charge against us, but in settlement we would sell him back 100 acres" (afterwards changed to 150 acres). All of this testimony was objected to by the plaintiff upon the grounds:

"That it was a collateral agreement adding to the consideration of the deed, and as being a different kind of consideration from that expresed in the deed by DesPortes Mercantile Company to Knighton; and incompetent, because intended to add to, vary and contradict the deed."

The admissibility of this testimony is the main point in this appeal.

This Court recognizes the force and wisdom of the rule which, after parties have solemnly incorporated the terms of their agreement in a written instrument, forbids the introduction of parol evidence which has a tendency to contradict, vary, or add to those terms. The rule of necessity applies to the essential elements of the agreement which the parties intended to crystallize in the writing; it does not extend to the formal, nonessential features of the contract writing, nor to independent agreements which do not contradict, vary, or add to the contract, and which are not inconsistent with it. It has been said that there are exceptions to the rule stated. Rather should it be said that there are certain conditions which do not come within the rule.

In 10 R. C. L. 1039, it is said:

"The broad and well-established principle that parol vidence is inadmissible to add to, vary or contradict a written instrument only applies to the essential and sub-

stantial parts of the writing, and not to those that are mere-
ly formal."

In *Barmore v. Jay*, 2 McCord, 371, 13 Am. Dec. 736,
it is declared:

"But when associated with the reasons on which it is
founded, it is apparent that it (the rule as to parol evi-
dence) only applies to the essential and substantial parts
of the writing, and not to those that are merely formal."

Among the nonessential features of a deed are its
date and the consideration for its execution. The
consideration of a deed is so insignificant, so far
as its validity between the parties is concerned, that it is
perfectly good without any consideration, and an intentional
concealment or misrepresentation of it, which often occurs
from motives of secretiveness, or purposes of trade and
taxation, cannot affect its validity.

"In reference to all instruments acknowledging the re-
ceipt of a consideration, it is now well settled that it is
competent by parol to show that no consideration was in
fact paid or received, or that the consideration was greater
or less than or different from the one expressed. This
may be done for every purpose except to impeach or de-
stroy the instrument. The amount or kind of considera-
tion is not considered an essential part of the contract, and
is open to contradiction or explanation, like a common re-
ceipt." 10 R. C. L. 1042.

"Although at one time a different view obtained in some
States, it is now well established that the consideration in
a deed may be explained, controlled, or rebutted by parol,
where the amount paid becomes a material inquiry. The
consideration expressed in a deed may be varied by parol
to almost any extent, since the estate does not depend upon
it, but upon the conditions and limitations descriptive of its
quantity and duration expressed in the deed." 10 R. C. L.
1043.

In *Bank v. Brown,* 2 Hill, Eq. 558, 30 Am. Dec. 380, it was held that parol evidence was admissible to show that the wife's renunciation of her inheritance entered into the consideration of the deed and was a sufficient consideration to sustain the deed against creditors. The Court says:

"And I cannot perceive why, if there are two considerations existing at the time of the execution of the deed, one only of which is expressed, parol should (not?) be admitted to show the other and better. So far from tending to contradict the deed, its object is to support it, and must necessarily be consistent with it—the addition of a circumstance necessary to give it effect."

In *Curry v. Lyles,* 2 Hill, Law, 404, the Court says:

"The authorities cited by the counsel for the motion sustain very fully the position taken in the ground of the motion, that parol evidence was admissible to show that the true consideration agreed to be paid by the defendant for the land conveyed to him by the plaintiff was $1,150, instead of $1,100, as expressed in the conveyance."

After stating the general rule which excludes parol evidence, the Court declares that the rule does not apply to the nonessential features of a deed, among which is the consideration:

"It was not necessary, therefore, to the full and perfect operation of the deed from the plaintiff to the defendant, that it should express the precise consideration agreed to be paid, and it will not be inferred that it was intended to be so expressed."

In *Rice v. Hancock,* Harp. 393, a bill of sale of a negro fully stated a consideration already received. Parol evidence was admitted to the effect that there had been no consideration received, but that the bill of sale was executed to enable the grantee to sell the slave for account of the grantor. The Court said:

"The argument used to support this objection is that the Court permitted the evidence to go to the jury, which contradicted the tenor of the bill of sale, which on its face expressed the consideration which the plaintiff had given for the negro. If the evidence which was received had gone to contradict the bill of sale, the argument would be conclusive that the presiding Judge had erred in permitting it to go to the jury; for the law is well settled that parol evidence shall not be admitted to annul or substantially vary a written argument.

"But the object and design of the bill of sale was to transfer the right of property in this negro to the plaintiff, not to stop defendant from any future investigation respecting the consideration agreed to be paid for him.

"The consideration to be paid for the negro might or might not have been inserted in the bill of sale, and the transfer would in law have been as effectual the one way as the other. The insertion is more a matter of form than substance, and in no event can preclude a party from inquiring into it."

And further:

"It is every day's practice to inquire into the consideration of parol agreements and to show a total or partial failure of the same; and as respects deeds, parol evidence may be admitted to prove other considerations than those mentioned therein."

The Court further says in *Curry v. Lyles, supra*:

"The case of *Garrett v. Stewart,* 1 McCord, 514, is decisive of this. There the consideration expressed in a bill of sale of a negro was $1,000, and in an action on a warranty of soundness contained in it, the Court held that the defendant might give in evidence that another negro given in exchange was the true consideration."

In *Rountree v. Lane,* 32 S. C. 160, 10 S. E. 941, the Court quotes with approval the following from Greenleaf:

"Though the party is estopped from denying the conveyance, and that it was for valuable consideration, yet the weight of American authority is in favor of treating the recital as only prima facie evidence of the amount of the consideration paid"—citing *Garrett v. Stuart,* 1 McCord, 514; *Curry v. Lyles,* 2 Hill, Law, 404.

In *Brice v. Miller,* 35 S. C. 537, 15 S. E. 272, parol evidence was admitted for the purpose of showing that the grantee of a deed received it on consideration, not expressed in the deed, that she would pay a certain debt of the grantor's husband. The Court held:

"The testimony objected to was not offered to vary the terms of any written instrument, but simply to show the real consideration of the alleged transfer, which is clearly admissible."

In *Ferguson v. Harrison,* 41 S. C. 345, 19 S. E. 621, the Court says:

"The cases of *Banks v. Brown,* 2 Hill, Ch. 558, *Henderson v. Dodd,* Bail. Eq. 133, *Featherstone v. Dagnell,* 29 S. C. 45, *Brice v. Miller,* 35 S. C. 548, abundantly establish the rule that it is competent to show the real consideration of a deed, especially when fraudulent intent is attributed to the parties thereto. And the last case quoted holds that such testimony is not offered to vary the terms of the deed, but to show the real consideration of the alleged transfer."

In this case (*Ferguson v. Harrison*) the deed was voluntary on its face. The parol evidence offered was to the effect that the real consideration was the assumption by the grantee of certain debts of the grantor. The evidence was admitted. The Court further held that the grantee took the land charged with the duty of paying the debts as agreed. If the grantee had refused to comply with the agreement, unquestionably the creditors, by establishing by parol the true consideration of the deed, could have compelled her to carry out her agreement, and she would not have been heard to interpose the rule against parol evidence.

The case of *Latimer v. Latimer,* 53 S. C. 483, 31 S. E. 304, so far from being opposed to our conclusion, is clearly in support of it.   There the deed was a voluntary conveyance to the wife of the plaintiff.   The plaintiff sued upon a breach of warranty under another deed which the grantor of the deed to his wife had executed and delivered to him.   The executors of the grantor of both deeds endeavored to. prove by parol that the consideration of the deed to the plaintiff's wife was the release by the plaintiff of his claim against their testator on account of the breach of warranty sued upon.   The Court sustained the Circuit Judge in excluding this parol evidence upon the ground that the consideration in the wife's deed was natural love and affection, a "good" consideration, and that it was inconsistent with the terms of the deed to change it by the proposed evidence into a valuable consideration.   The Court quotes with approval the following from Greenleaf: "Evidence may also be given of a consideration not mentioned in a deed, provided it is not inconsistent with the considertion expressed in it." . And, . "A further consideration may also be proved by parol; if it is not of a different nature from that which is expressed in the deed," and that such evidence may be received to vary the amount of the consideration mentioned in the deed; that "different nature" refers to "good" and "valuable" characteristics of the consideration.

The parol evidence in question was admissible upon the further ground that it tended to establish a separate and independent contract between the parties, contemporaneous and not inconsistent with the deed.

In *Chemical Co. v. Moore,* 61 S. C. 166, 39 S. E. 346, the plaintiff sued upon a contract in writing for the sale of certain fertilizer.   The defendant set up as a counterclaim the breach by the plaintiff of a contemporaneous oral contract, the inducement to his entering into the contract

sued upon, by which the plaintiff agreed that the defendant should be the sole agents of the plaintiff in the sale of its goods at that point. The Court held that parol evidence of this oral contract was admissible, for the reason that it did not tend to alter the original written contract, but to establish a distinct agreement entered into by the parties at the same time, which really was the inducement to the contract sued upon.

In *Whitman v. Corley,* 72 S. C. 410, 52 S. E. 49, the complaint alleged that the plaintiff had conveyed to the defendant a tract of land in consideration of a promise of future support and that the defendant had failed to perform his agreement. The deed expressed only the consideration of $200. The plaintiff offered to prove by parol evidence that the real consideration was not the payment of $200, but the promise of the defendant to support her. The defendant objected to the evidence upon the ground that it was an attempt to vary the terms of a written instrument by parol. The objection was overruled, the evidence was admitted, and the plaintiff had a verdict. Upon appeal this Court sustained the ruling, the Special Judge, Hon. Robert H. Welch, saying:

"Where a deed expresses a certain valuable consideration, an additional or different valuable consideration may be proved by parol."

The Court distinguishes the Latimer case and cites with approval the Garrett, Curry, Rountree, and Rice cases, hereinbefore referred to.

In *Marshall v. Railroad Co.,* 73 S. C. 24, 53 S. E. 417 the plaintiff was allowed to prove by parol evidence, as a part of the consideration in the sale of a certain lot to her, an agreement by the seller that a certain area of "Circle" in front of the lot should not be sold for other building lots but should remain open for the benefit of the lots fronting thereon. Upon that evidence, the Court sustained an

order of injunction forbidding the seller from violating the agreement. The Court said:

"It (the parol evidence) was also competent as tending to show the actual consideration for the deed."

In *Williams v. Salmond*, 79 S. C. 459, 61 S. E. 79, the parties entered into a written lease of land. The plaintiff contended that as a part of the consideration of the lease, not incorporated in its terms the defendant, landlord, agreed to make certain improvements and repairs, and sued for a breach of this agreement. The defendant objected, under the parol evidence rule, to the proof of this agreement. The Court held:

"The appeal rests on the proposition that the whole agreement with respect to the land is conclusively presumed to be embraced in the written 'agricultural lease and lien' signed by the parties, and, therefore, no parol agreement can be set up by the plaintiff. We think the proposition unsound. A contract to lease land imposes no obligation on either the lessor or the lessee to put the property in repair or to build new houses. *Charleston v. Morehead*, 2 Rich. 430; *Cantrell v. Fowler*, 32 S. C., 589, 10 S. E. 934; 1 Washburn on Real Property, 567, 167; 18 A. & E. Ency. 246. The lessor turns over the property and the lessee takes it as it is turned over to him. Any obligation to put the property in repair or to build houses not only may be but must be imposed by some contract apart from the mere lease of the land for a given term. The parties may incorporate such contract to put in repair or build new houses in the instrument that embodies the lease contract, but it is not necessary for them to do so. The two contracts are separate in their nature, in nowise inconsistent with each other, and one may be in writing and the other parol. The written lease, therefore, was no obstacle to the setting up and proving the distinct and separate agreement to put the place in repair and build new houses."

A similar question arose in *Holliday v. Pegram,* 89 S.
C. 73, 71 S. E. 367, Ann. Cas., 1913A, 33, where the Court
in an opinion by the present Chief Justice announced:

"If there is a lease in writing, which makes no reference
to repairs, the lessee is not precluded from introducing
parol testimony to show that, as a part of the consideration
of the agreement to pay rent, the lessor promised to make
repairs.   And if it appears that the lessee suffered damage,
by reason of the lessor's failure to make the repairs, he
would not be allowed to recover the whole amount men-
tioned as rent, but only that amount, after deducting such
damages, as the lessee may have sustained, by reason of
the lessor's failure to make the repairs."

See, also, *Hardware Co. v. Gray,* 90 S. C. 454, 73 S. E.
872, where the same principle is announced and both the
*Williams v. Salmond* and *Holliday v. Pegram* cases are
reaffirmed.

In *Martin v. Bank,* 92 S. C. 226, 75 S. E. 404, the de-
fendant was allowed to prove by parol evidence a con-
temporaneous oral agreement that a certain claim of the
plaintiff against another should be applied to the note of
the plaintiff to the bank as soon as collected, notwithstand-
ing the fact that it would be collected before the note fell
due.   The evidence was admitted upon the ground that
it did not tend to alter the terms of the writing, but was to
establish an independent and separate agreement.

The parol evidence was admissible upon the further
ground that the testimony tends to show that the
agreement to release the usury charge was an in-
ducement to the execution of the deed; and it would amount
to a fraud for the grantee to retain the benefit of the deed
and repudiate the agreement without which the deed
would not have been executed.

"The existence of a contemporaneous parol agreement
between the parties under the influence of which a note
or contract has been signed, which is violated as soon as

it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted. It is a plain fraud to secure the execution of an instrument by representations differing in important particulars from those contained in the paper, and, after the paper has been signed, attempt to compel literal compliance with its terms, regardless of the contemporaneous agreement without which it would never have been signed at all." 10 R. C. L. 1059.

The charge of the Circuit Judge was full, clear, and correct; the appellant has shown no prejudicial error therein.

MR. JUSTICE FRASER (concurring):

I concur. It is conceded in the argument for the appellant, and correctly so, that where "the written contract or deed does not contain all the terms of the agreement, in such cases parol evidence is admitted." In this case there was a written offer of sale, followed by a deed. These two papers may therefore be construed together. The written offer of sale was for $950. Without objection the plaintiff showed that he got $800 from one source and $150.00 from another. The consideration expressed in the deed is $1,000. This difference of $50 the plaintiff does not claim to have paid. The written papers mention, but do not account for, this $50. Therefore, when the defendant offered to explain this extra $50 by saying it was the amount agreed upon between the parties, for a settlement of a claim the grantee had against the grantor, I think the evidence is competent, and does not vary the written contract. I think the evidence is properly admitted.

MR. JUSTICE WATTS (dissenting): This as an action by plaintiff against defendant for recovery of $612.94, alleged double amount of usurious interest alleged to have been collected and received by the defendant from plaintiff on two notes given by plaintiff to the defendant

upon one note for $274, dated April 7, 1905, and payable November 1st, after date, with interest after maturity at 8 per cent, per annum, and on another note for $230 dated March 19, 1907, and payable November 1st, after date, and interest after maturity at 8 per cent. per annum, payable annually.

The defense was a general denial, and that the subject-matter of the suit had been compromised and settled between the parties as a part of the consideration of a deed of conveyance of a tract of 160 acres of land conveyed by the defendant to plaintiff.

The case was tried before Judge Sease and a jury at February term of Court, 1920, for Fairfield County, and resulted in a verdict in favor of defendant. After entry of judgment, plaintiff appeals, and by three exceptions imputes error and seeks reversal. The exceptions impute error in the admission of evidence over objection, and in the charge of his Honor. The exceptions 1 and 2 raise practically the same question. "Was it error in admitting the testimony of F. A. DesPortes, U. G. DesPortes, and G. W. Ragsdale?" If so, then there must be a new trial. These exceptions must be sustained under the authorities of *Railway Co. v. Seigler,* 24 S. C. 124; *Bulwinkle & Co. v. Cramer & Blohme,* 27 S. C. 376, 3 S. E. 776, 13 Am. St. Rep. 645; *Whitman v. Corley,* 72 S. C. 410, 52 S. E. 49; *Latimer v. Latimer,* 53 S. C. 483, 31 S. E. 304; *Gill v. Ruggles,* 104 S. C. 461, 89 S. E. 503.

The deed of conveyance expressed the consideration of $1,000. There was no uncertainty and ambiguity about it. All transactions leading up to it were merged into it, and there is no testimony showing any independent transaction between the parties to except it from the cases cited. His Honor was clearly in error in admitting the parol evidence to establish the alleged agreement to release the plaintiff's claim for usury.

The exceptions, complaining of his Honor's charge to the jury, it is unnecessary to consider.

Judgment reversed, and new trial granted.

MR. CHIEF JUSTICE GARY concurs.