long as they complied with their covenant to support and care for plaintiff.

Judgment affirmed. OPINION by MR. JUSTICE MCIVER, February 20, 1890. *T. W. Bouchier* and *Townsend & McLaurin*, for appellant. *Knox Livingston*, contra.

No. 2544. CANTRELL *v.* FOWLER. November Term, 1889. Plaintiff sued defendant for rent of a store-house in Spartanburg. Defendant denied the allegations of the complaint, and in further defence claimed that the house was rented by defendant upon the express condition that plaintiff was to do certain repairs necessary to keep the house from leaking; that this agreement on the part of plaintiff was not complied with, and, as a consequence thereof, defendant's goods were so much injured by leakage that he had to abandon the premises before the term expired; and that plaintiff subsequently rented the premises to another person, one Tolleson, for the remainder of the term. Defendant also set up two counter-claims—one for damages sustained by the injury of his goods from leakage; and, second, an account for goods sold by defendant to plaintiff. To these counter-claims plaintiff replied, denying the same.

There was testimony in support of the defendant's answer. Plaintiff's testimony was that he had made no contract to repair, but had nevertheless made unsuccessful efforts to stop the leakage, which really came from open windows of the upper floor, and that in consequence of such leakage plaintiff had agreed to let defendant hold the store at a reduced rent. The case was heard before Hudson, J. The verdict was for plaintiff. Defendant moved for a new trial, which was refused, and he then appealed, alleging error in such refusal and in two portions of the charge. *Held*—

1. The new trial having been moved on a pure question of fact, this court cannot declare error in its refusal.

2. In the absence of any contract on the part of the landlord to repair, he was not bound to make any repairs; and, if they were made by the tenant, he could not claim any deduction from the rent on that account. This was undoubtedly correct, as may be seen by reference to the case of the *City Council* v. *Moorhead*, 2 Rich., 430. Indeed, it seems to be conceded in the argument

of counsel for appellant that, where there is no contract, the tenant, if he makes ordinary repairs, can make no claim for deduction from the rent; but he claims, where the repairs necessary are "substantial and lasting," "such as putting on a new roof," &c., the rule is otherwise.   The case above cited shows the contrary, for there the repairs made by the tenant were necessary to render the premises habitable; but as the tenant there, as well as in this case, rented the place knowing the condition in which it was, and there was no contract on the part of the landlord to repair, the tenant was not entitled to any deduction.

3.  While the landlord would be liable for all damages which the tenant might sustain by reason of the breach of his contract to repair, yet the tenant should not stand quietly by and voluntarily allow his property to remain exposed to injury, thus contributing to his own loss, but, "rather than" do this, he ought to make the repairs himself, and charge the same to the landlord, unless prohibited from doing so by the landlord.

Judgment affirmed.   OPINION by MR. JUSTICE McIVER, February 26, 1890.   *Nicholls & Moore*, for appellant.   *Duncan & Sanders*, contra.

No. 2546.   FARRINGTON *v.* DUVAL.   November Term, 1889. This was an action to recover a tract of land, and the defence was that while the sheriff had made a deed of this land to plaintiff, the purchase money had been all paid by defendant.  *Held*—

1.  That the finding of the jury under the issues submitted to them that defendant had paid the sheriff for the land in dispute having been approved by the Circuit Judge, and sustained by direct and positive testimony and by corroborating circumstances, it follows as matter of law that there is a resulting trust in favor of defendant.

2.  Defendant having paid her bid to the sheriff, it could not affect her rights if he misappropriated the money.   And as there is no evidence of any such misappropriation, the presumption is that he did his duty by properly applying it.

3.  The "Case" does not show that two former verdicts in favor of defendant had been successively set aside by two Circuit Judges, and therefore this matter is not before the court; but if