VIRGINIA-CAROLINA CHEMICAL CO. v MOORE & HUGHES.

1. COUNTER-CLAIM.—PAROL EVIDENCE is competent to show a distinct and independent agreement entered into between the parties to a written contract at the same time, but not contradicting or varying it, and the breach of such independent contract, the damages for which may be set up as a counter-claim to plaintiff's demand under the written contract.

2. PAROL EVIDENCE. is also competent to show all the transactions at one time between the parties, a part of which is in writing.

Before BUCHANAN, J., Spartanburg, March, 1900. Reversed.

Action on contract by Virginia-Carolina Chemical Co. against Moore & Hughes. From judgment for plaintiff, defendants appeal.

*Messrs. D. E. Hydrick* and *Stanyarne Wilson,* for appel-

lants, cite: *Parol testimony of defendants did not seek to vary or contradict the terms of plaintiff's written contract, and was competent:* 3 S. C., 332; 4 Strob., 98; 7 Ency., 91, and note. *If the consideration of a contract is a condition or promise, it may be shown by parol, and the damages arising from the breach of such promise may be set up as a counter-claim:* 34 N. Y. S. R., 624; 26 W. N. C., 529; 17 L. R. A., 274; 6 L. R. A., 33; 96 Tenn., 148; 31 S. C., 319; 16 S. C., 352; 26 S. C., 316; 27 S. C., 380.

*Mr. J. T. Johnson,* contra. No printed argument.

July 17, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This action was brought by the plaintiffs to recover from the defendants the sum of $198.50, the same being the price of ten tons of Globe fertilizer ordered by the defendants and delivered to them by the plaintiff, in pursuance of a contract in writing, a copy of which is appended to the complaint as a part thereof, and marked exhibit A. The defendants by their answer admitted the allegations of the complaint; and for a defense set up as a counter-claim, an agreement with the plaintiff, through its agent, Iredell Jones, jr., through whom the contract, exhibit A, set up as a part of their complaint, had been made, that they, the defendants, should be the sole agents for the sale of plaintiff's commercial fertilizer, for the year, 1896, at Duncans, S. C., and the vicinity thereof; and that none of its goods would be sold or shipped to any other person or persons at that point or in the vicinity thereof; and that such agreement was the main inducement to defendants to enter into the contract, exhibit A. It is also alleged in the answer that the plaintiff, in violation of its said agreement with defendants to make them the sole agents for the sale of plaintiff's fertilizers at Duncans, shipped and sold and allowed its agents to ship and sell to other persons at said point and in the vicinity thereof its fertilizers, whereby de-

fendants suffered loss and damage to the amount of $153.50; and that the defendants consent that plaintiff may have judgment for the difference between the amount claimed in the complaint and the amount set up as a counter-claim. The plaintiff replied denying all the allegations upon which the counter-claim is based.

The case being thus at issue came on for trial before his Honor, Judge Buchanan, and a jury; and the defendants having admitted, on the record, plaintiff's case, claimed and was allowed the right to open and reply. When the defendants offered testimony tending to prove the agreement set out in their answer, such testimony was objected to by plaintiff, and the objection was sustained. The ground of the objections and the reason for the rulings made seem to have been that, inasmuch as the plaintiff based its action upon a contract in writing, it was not competent for defendants to introduce any parol testimony tending to contradict or vary the terms of the written contract. There can be no doubt that the rule as expressed in 1 Greenlf. Ev., sec. 275, is well settled, that "parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument," though, as will be seen by the succeeding sections, this rule is subject to numerous exceptions, which, however, we will not now consider, as we do not understand that the testimony in question was offered for the purpose of either contradicting or varying any of the terms of the written contract set out as a part of the complaint. On the contrary, the pleadings very plainly show that it was no part of the defense to attack or modify any of the terms of the contract, as it was admitted in express terms; and in addition to this, it was also admitted on the record that, by reason of the terms of such contract, together with the other facts alleged in the complaint, the defendants had become liable to pay to the plaintiff the sum of money demanded in the complaint. So that it is difficult to perceive what application the rule invoked could have to the case as made by the pleadings. The testimony ruled out

was offered—*not* for the purpose of impairing, altering or in any way, otherwise, interfering, with the written contract upon which the plaintiff based its claim—but solely for the purpose of showing that by reason of the breach by the plaintiff of another, distinct and independent agreement, the plaintiff had become liable to pay the defendants the damages alleged in the answer; and such damages were distinctly pleaded as a counter-claim to the *admitted* demand of plaintiff. · Upon this ground, therefore, we think there was error in rejecting the testimony offered by defendants.

There is, however, another ground equally fatal to respondent. It is quite clear that the contract in writing, set out as an exhibit to the complaint, does not contain all of the terms of the transaction between the parties; and hence if looked at alone, it would not afford plaintiff any cause of action against defendants. It only purports to be an agreement that the defendants should become the agents of plaintiff to sell its fertilizers at the point named, and the terms of such engagement; but it contains no contract by which defendants bind themselves to pay to the plaintiff any specified sum of money, and it contains no statement of the consideration upon which the defendants agreed to enter into the purposed arrangement. The terms of that paper do not show, of itself, any such contract as could become the basis of a cause of action for any specified sum of money. This being so, then the case of *Kaphan* v. *Ryan,* 16 S. C., 352; *Fullwood* v. *Blanding,* 26 S. C., 312; *McAteer* v. *McAteer,* 31 S. C., 313; *Willis* v. *Hammond,* 41 S. C., 153, are quite sufficient to show that the testimony was competent in order to show the entire transaction between the parties.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.