6835

## WILLIAMS v. SALMOND.

1. LEASE—PAROL.—A CONTRACT to repair houses or to build new ones is separate and apart from a lease of the premises. It may or may not be incorporated in the written lease. If not, it may be made and proved in parol and an additional consideration to that expressed in the lease may be so shown as moving either party to the lease contract.

2. REMEDY—DEMURRER.—IF A CONTRACT be made by an agent and it does not appear that his authority was in writing, and if it is important to the other party to know if it were in writing, the remedy is to move to have the complaint made more definite so that moving party may demur.

Before HYDRICK, J., Kershaw, August, 1906. Affirmed.

Action by T. G. Williams against I. Scotta Salmond. From Circuit order overruling demurrer, defendant appeals.

*Messrs. Kirkland & Smith*, for appellant, cite: *Where the agreement was the repairs should be made during term of lease, the agreement should be incorporated in the lease:* 21 Ency., 1906-7.

*Messrs. Clarke & Von Tresckow*, contra, cite: *Agreement to make repairs need not be in writing:* 18 Ency., 619; 34 L. R. A., 824.

March 30, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from an order overruling a demurrer to the complaint. The complaint alleges: "That on       day of October, A. D. 1905, the defendant, through her agent, S. L. Lang, contracted orally with plaintiff to put in good repair all of the houses on one thousand acres of land known as the Salmond place, in the County of Kershaw, in the State of South Carolina, about four miles west of Camden, and to build and erect such suit-

able houses for laborers on said Salmond place as would be sufficient to accommodate the laborers required to cultivate the land on said Salmond place, and to otherwise do such acts and things as would put the said place in first-class condition for agricultural purposes, provided plaintiff, in consideration thereof, would sign an agricultural lease and lien for said Salmond place for the period of three years. That plaintiff, on the 20th day of October, A. D. 1903, signed an agricultural lease and lien, and thereby agreed to pay defendant eighteen five-hundred-weight bales of middling cotton on or before the fifteenth day of October of each year, commencing on the 15th day of October, A. D. 1904." The allegation is then made of breach of the contract to put the place in repair and build new houses thereon, to the damage of the plaintiff $600.

The appeal rests on the proposition that the whole agreement with respect to the land is conclusively presumed to be embraced in the written "agricultural lease and lien" signed by the parties, and, therefore, no parol agreement can be set up by the plaintiff. We think the proposition unsound. A contract to lease land imposes no obligation on either the lessor or the lessee to put the property in repair or to build new houses. *Charleston* v. *Morehead,* 2 Rich., 430; *Cantrell* v. *Fowler,* 32 S. C., 589, 10 S. E., 934; 1 Washburn on Real Property, 567, 167; 18 A. & E. Ency., 246. The lessor turns over the property and the lessee takes it as it is turned over to him. Any obligation to put the property in repair or to build houses not only may be but must be imposed by some contract apart from the mere lease of the land for a given term. The parties may incorporate such contract to put in repair or build new houses in the instrument that embodies the lease contract, but it is not necessary for them to do so. The two contracts are separate in their nature, in nowise inconsistent with each other, and one may be in writing and the other parol. The written lease, therefore, was no

obstacle to the setting up and proving the distinct and separate agreement to put the place in repair and build new houses. *Chemical Co.* v. *Moore,* 61 S. C., 166, 39 S. E., 346; *Ashe* v. *Ry. Co.,* 65 S. C., 134, 43 S. E., 393; *Earle* v. *Owens,* 72 S. C., 362, 51 S. E., 980.

It is true the complaint alleges the parol agreement to put in repair and build new houses was the consideration for the plaintiff entering into the lease contract. It is also true the consideration imported by a plain lease contract, such as is here alleged, is on the one side the rent to be received and on the other the use of the land rented. But this does not exclude proof of an additional valuable consideration moving either party in the matter; and hence a separate contract, either parol or written, made as an additional consideration to the lease contract, may be proved and relied on either as a defense or as a cause of action. *Whitman* v. *Corley,* 72 S. C., 410, 52 S. E., 49.

It does not appear from the complaint whether the plaintiff intended to allege S. L. Lang was authorized in writing or by parol to make the contract, on behalf of defendant, set up in the complaint. If written authority be essential, the defendant's remedy was by motion to make the complaint more definite and certain on this point, to the end that she might demur if it should be alleged the authority was given by parol.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.