12673

ROWLAND & SONS, INC. v. BOCK *ET AL.*

(148 S. E., 549)

*Mr. L. D. Jennings,* for appellants,

*Mr. L. E. Purdy,* for respondent,

June 7, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action by the respondent for unpaid rent upon a certain storehouse in the city of Sumter claimed to be due by the appellants as tenants of the respondent.

The appeal is from an order of his Honor, Judge Mauldin, striking out a part of the defendants' answer as will be explained hereinafter.

It appears from the allegations of the complaint and answer that on May 25, 1920, a written agreement for the lease of a store building was entered into between C. G. Rowland, at that time owner of the premises, and the defendants Bock and Goodson, by which the premises were leased to the defendants for a term of seven years from the time that certain alterations in the building could be completed by the landlord. The alterations were claimed to have been completed by July 1, 1920, at which time the tenants went into the possession of the property and continued paying the stipulated rent until January 1, 1926, six months before the expiration of the term, at which time they vacated the premises for the reason assigned that the landlord had not complied with his agreement in reference to the alterations which had been so defectively constructed that the building was condemned by the municipal authorities of the city of Sumter.

The defendants moved to amend their answer by setting up an eighth defense as follows: "That at the time of the entering into said lease contract and contemporaneously there-

with, the said C. G. Rowland agreed, in consideration of the defendants leasing said premises, that he would during the term of said lease, keep the leased premises in good repair and suitable for occupancy by the defendants for the purposes for which they had leased said premises. The said C. G. Rowland at said time, agreed that he would construct the addition referred to in the lease contract in a good, substantial and workmanlike manner and make it safe and suitable for the use and occupancy of the defendants for the purposes for which said premises were leased and that he would at all times keep the same in repair and in a safe and suitable condition for the purposes for which said premises were leased."

The motion to amend was heard by his Honor, Judge Mann, who allowed the amendment but in his order provided: "This order is not to be construed as finally disposing of, or depriving the plaintiff of the right to make such motions or move for such orders, as may to *them seem proper or which may* in the judgment of the Circuit Judge to whom such may be addressed seem proper."

Thereafter the plaintiff moved before his Honor, Judge Mauldin, for an order striking out said eighth defense upon the ground that it purported to set up an oral agreement varying the terms of the written lease contract, which motion was granted by the Circuit Judge upon the ground that it tended to vary the terms of the written lease contract, and set up an agreement not to be performed within one year in violation of the provisions of the statute of frauds. From this order the defendants have appealed.

There is no question as to the correctness of the position taken by the appellants that an independent contract to make repairs to a rented building, where the lease contract is silent as to repairs, may be established by parol. *Williams v. Salmond,* 79 S. C., 459; 61 S. E., 79. *Whitman v. Corley,* 72 S. C., 410; 52 S. E., 49. *Chemical Co. v. Moore,* 61 S. C., 166; 39 S. E., 346. *Ashe v. R. Co.,* 65 S. C., 134; 43 S. E., 393. *Earle v. Owings,* 72 S. C., 362; 51

S. E., 980. *City Council v. Moorhead,* 2 Rich, 430. *Mallard v. Duke,* 131 S. C., 175; 126 S. E., 525.

The complaint sets out fully the agreement on the part of the landlord to make the alterations detailed, and alleges a breach of said contract by the landlord. The remedy for such breach would be a claim for damages against the landlord, and would give the tenants no right to vacate the premises on account thereof; such damages might have been set up by way of counterclaim, which was not done.

The alleged oral agreement set forth in the paragraph stricken by his Honor, Judge Mauldin, is clearly an agreement not to be performed within the space of one year and is obnoxious to the statute of frauds, Section 5516, Vol. 3, Code of 1922, which requires such agreement to be evidenced by a writing.

For this reason his Honor, Judge Mauldin, was right in striking out the paragraph, and his order is accordingly affirmed.

MESSRS. JUSTICES BLEASE, STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE GRAYDON concur.