13076

BALLENGER v. MACAULEY

(157 S. E., 141)

March, 1930.

*Messrs. Herndon & Thompson,* for appellant,

*Mr. J. R. Earle,* for respondent,

February 25, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by G. W. Ballenger, plaintiff, against H. H. Macauley, defendant, commenced in the Court of Common Pleas for Oconee County, February 17, 1930, is an action upon the following promissory note, alleged to have been executed and delivered unto the plaintiff by the defendant July 3, 1928:

"$1,000.00                    Seneca, S. C., July 3, 1928.

"One day after date I promise to pay to the order of G. W. Ballenger One Thousand Dollars, at the Seneca Bank, with interest from date at 6 per cent. per annum. Value received. If this note is collected by suit or placed in the hands of an attorney or other officer for collection, I also promise to pay ten per cent. on amount due at time of collection as attorney's fee for collection, in addition to principal and interest. I, we, hereby expressly agree that this note is discountable before maturity at the rate of eight per cent. per annum.                    "[Signed]    H. H. MACAULEY."

In the answer filed, the defendant admitted the execution and delivery of the note, and further, as alleged by the plaintiff, admitted that the plaintiff was the owner and holder of the note, and that no part of the note had been paid except the interest, which was paid to January 1, 1929, and the further sum of $20 paid January 1, 1930, as alleged by the plaintiff; but by way of counterclaim set up the following defense:

"And further answering the complaint herein, this defendant alleges that at the time the said note was made by the defendant to the plaintiff, the plaintiff was vice-president of the Seneca Bank, and was desirous that the defendant should become the owner of ten shares of the capital stock of said the Seneca Bank, in order that the defendant might qualify as a director in the Seneca Bank, and in order to enable this defendant to become such director, the plaintiff delivered to the defendant a certificate of stock for ten shares of the capital stock of the Seneca Bank, which was in consideration of the said note.

"That at the time of the giving of the said note by the defendant to the plaintiff, and the delivery of the said certificate of shares of stock in the said Seneca Bank, and as an inducement to defendant to accept the said ten shares of stock, and to make the said note to the plaintiff, the plaintiff agreed with the defendant that he would repurchase the ten shares of the capital stock of the Seneca Bank and surrender to the defendant his note in payment of the said ten shares of the capital stock so sold by the plaintiff to the defendant, at any time the defendant would make request upon the plaintiff for the surrender of his note and the return of the certificate of the stock by the defendant to the plaintiff; that thereafter, and before the commencement of this action, this defendant offered, in accordance with said agreement between the plaintiff and said defendant, to return to the plaintiff the said certificate for the said ten shares of stock, and demanded of the plaintiff that the plaintiff return to him his

said note; the plaintiff, in violation of the said agreement, has refused, and still refuses, to perform his said agreement by delivering to this defendant the said note, and by refusing to accept of defendant the return of the said certificate of stock; that since said demand was made upon plaintiff, the said shares of stock have so depreciated in value as to become absolutely worthless; and this defendant, by reason thereof as holder of said stock, has become liable upon the shares of stock as a stockholder in a sum equal in an amount to the par value of said stock, in addition to the loss of said stock, and has been assessed and called upon for the payment of the full amount of said assessment on said stock liability, to defendant's damages in the sum of twenty-five hundred ($2,500.00) dollars."

The plaintiff demurred to this defense upon the following grounds:

"That it does not state facts sufficient to constitute a defense to the cause of action set up in the complaint, the same being a suit upon a written contract.

"That all the terms of the said contract are set out without ambiguity in the written instrument signed by the defendant; and no oral testimony or pleading to be established only by oral testimony is competent or proper.

"That the parties, plaintiff and defendant to this transaction, are bound by the terms of the written contract and no oral agreement or testimony by parol in support thereof is competent."

The matter was heard before his Honor, Judge H. F. Rice, who sustained the demurrer by the following order:

"Upon the call of this case, the demurrer was argued before me to answer, upon the ground that the same did not state facts sufficient to constitute a defense, which demurrer was sustained, and in the order the defendant was allowed to amend by setting up a counterclaim if he should be so advised. The answer was amended by repeating what had been already pleaded in the answer, and adding practically the

same statements in a separate statement as a counterclaim, and alleging $2,500.00 damages.

"The plaintiff again demurred to the amendment answer and the counterclaim, and after hearing argument I hold that the counterclaim could not be sustained by proof with-. out contradicting or varying the terms of a plain written .contract, and therefore sustained the demurrer and struck out the answer and granted an order for judgment for the plaintiff for .the amount claimed in the complaint and admitted to be due in the answer, to wit: One Thousand and Fifty-four 96/100 Dollars, as principal and interest to March 26, 1930, and One Hundred Five 49/100 Dollars as attorney's fee: Now, therefore—

"It is ordered, That the plaintiff have leave to enter up judgment for the sum of One Thousand Fifty-four 96/100 Dollars, principal and interest to March 26, 1930, and the further sum of One Hundred Five 49/100 Dollars as attorney's fee provided by the note, making a total of Eleven Hundred Sixty 45/100 Dollars, and the costs of this action. "March 26, 1930.

"H. F. RICE, Presiding Judge."

From the order of his Honor, Judge Rice, sustaining the demurrer, and from the entry of judgment pursuant to the order, the defendant has appealed to this Court, alleging error in the following particulars: "For that his Honor erred in holding that the counterclaim could not be sustained by proof without contradicting or varying a plain written contract, and his sustaining the demurrer of plaintiff to the counterclaim by defendant, for the reason that the agreement set up in counterclaim of defendant is based upon a distinct and independent agreement entered into between the parties to the written contract at the same time, but not contradicting or varying it, and the same may be proved by parol evidence."

In the defendant's answer it is not stated whether the agreement alleged by the defendant was a written or oral

agreement, but the transcript contains a statement to the effect that it was an oral agreement.

Appellant's counsel states that there are two questions involved in the appeal, namely:

"1. The agreement set up in the counterclaim is a separate and independent contract between the parties, and may be proved by parol evidence.

"2. The delivery of the note was conditional, and it is competent to prove such delivery as between the immediate parties by parol evidence."

In support of his position that the alleged agreement set up in the counterclaim is a separate and independent contract between the parties, and may be proved by parol evidence, cites the case of *Virginia-Carolina Chem. Co. v. Moore & Hughes,* 61 S. C., 166, 39 S. E., 346. There is no question, as contended by appellant, that under the well-recognized rule parol evidence is competent to show a distinct and independent agreement entered into between the parties to a written contract at the same time, but not contradicting or varying it. Under our view of the alleged agreement relied on by the defendant, it contradicts and is at variance with the terms of the note in question, which constitutes the written contract between the parties. Under the construction we place upon the wording of the note the amount named therein must be paid in money, and the plaintiff is under no obligation to accept anything else in the payment. If the alleged agreement attempted to be set up in defendant's answer should be allowed to prevail, the plaintiff would be forced to accept something in payment not named in the note, which would be inconsistent with and repugnant to the intention of the parties, as shown by the written instrument involved, the note in question. We are unable to agree with the appellant in his contention that to allow the defendant to exchange bank stock for the note and to require the plaintiff to accept the same would not vary the terms of the note. The wording of the note is full and complete, and.

in our opinion, to permit the defendant to prove the alleged parol agreement set up in his answer would be in the face of the settled rules of law and lead to much confusion, if not great wrong.

The exceptions are overruled, and the order and judgment appealed from affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.

MR. JUSTICE COTHRAN (concurring):

I concur. See *Simpson v. Blaine,* 191 Ky., 465, 230 S. W., 934; *Dodo v. Stocker,* 74 Colo., 95, 219 P., 222; Decennial Digests, Evidence 441 (11).