**UNITED STATES of America,
Plaintiff,**

**v.**

**Harold KOHN, Sr., Defendant.
Civ. A. No. 4485.**

United States District Court
W. D. South Carolina,
Greenwood Division.
July 7, 1965.

John C. Williams, U. S. Atty., and Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for plaintiff.

R. K. Wise, Frank D. Beattie, Columbia, S. C., and R. Aubrey Harley, Newberry, S. C., for defendant.

HEMPHILL, District Judge.

Civil action to recover balance on note, allegedly due by defendant on a certain note admittedly executed by Thermal, Inc., a South Carolina business corporation. The note, evidencing indebtedness of $21,531.30, was guaranteed by James H. Summer (President of Thermal, owner of 70% of its stock), Delores H. Summer (wife of James and 20% stock owner), and defendant (their uncle). It was executed and guaranteed on April 27, 1962, to the C. & S. National Bank of Columbia, South Carolina, which was participating with the Small Business Administration in making a loan pur-

suant to 15 U.S.C. § 636. Subsequently, Thermal, Inc., became insolvent. The note and guarantee were then assigned on April 8, 1963, by the bank to S.B.A.

The United States instituted this action on December 17, 1963, alleging default on the note and seeking judgment against Kohn for the sum of Twenty-One Thousand Five Hundred Thiry-One and 30/100 Dollars ($21,531.30), plus interest of Two Hundred Ninety-Four and 66/100 Dollars ($294.66) as of May 22, 1963, plus interest thereafter as provided in said note. Kohn, after obtaining an extension of time, filed an answer setting up nineteen separate defenses or explanations. No interrogatories were filed but the defendant did take the deposition of one of the bank's loan officers who handled Thermal's loan. Thereafter, no other pleadings were amended or filed except plaintiff's motion for Summary Judgment. There has been no cross-action against the bank or other guarantors, nor has any effort been made to have these parties joined in the action.

On June 1, 1965, the Court heard arguments on the plaintiff's motion. The defenses attempted to be set up by way of answer were not argued separately but were resolved into categories in which order they shall be considered:

 First, the defendant argues that the guaranty "exacted" from him by the S.B.A. was without the authority of the Small Business Act (15 U.S.C. § 631 et seq.) and in violation of its intent. The Act provides, in pertinent part (Section 636(a) (7):

"All loans made under this subsection shall be of such sound value or so secured as reasonably to assure repayment."

Apparently, when Thermal, Inc., applied for a participation loan from S.B.A. and the bank it was not felt that such loan would be "of such sound value * * as reasonably to assure repayment," hence the lenders required that it be "so secured as reasonably to assure repayment." The identical question was raised by defendants-guarantors and disposed of in United States v. Houff, 202 F. Supp. 471 (D.C.), aff'd. 312 F.2d 6 (4 Cir. 1962). In an extensive examination of the question the learned District Judge concluded there was no merit in this defense. Analogizing S.B.A.'s authority to that of the R.F.C., this Court adopts the following language from Reconstruction Finance Corp. v. McCormick, 102 F.2d 305 (7 Cir. 1939), cert. den. 308 U.S. 558, 60 S.Ct. 90, 84 L.Ed. 469:

A loan contemplates the ultimate return of the moneys lent. If not, the advance had better be called a gift. Common practice is to exact security to insure the repayment of loans. Authority to exact and take security is implied from the grant of authority to make a loan. If restrictions upon the power of the corporation to lend or take security for authorized loans are asserted, those limitations must expressly appear. They are not to be implied, for of necessity they are somewhat inconsistent with a grant of power to lend money.

There are no limitations upon the power of plaintiff to make loans, save one—the loan shall not "be inconsistent with this Act." 202 F.Supp. at 474.

Whereupon the Court[1] held that the "similar language in the S.B.A. Act must be given a similar construction." This Court concurs. The S.B.A. had the requisite statutory authority to insist, within its discretion, that the loan in question be secured by personal guarantees.

 Second, the defendant raised the objection that the plaintiff has failed to join as parties defendant all guarantors of the obligation sought to be enforced. Defendant, however, does not insist that the principal debtor must first be sued before any liability would attach to him. Because the guaranty herein is absolute rather than conditional, under the settled authorities such an argument must necessarily fail. Georgian Co. v. Britton, 141 S.C. 136, 139 S.E. 217; Provi-

dence Machine Co. v. Browning, 68 S.C. 1, 46 S.E. 550; Carroll County Sav. Bank v. Strother, 28 S.C. 504, 6 S.E. 313.

The note herein is, basically, an ordinary promissory note executed by Thermal, Inc., by its president, James H. Summer, with the guaranty: "I/we hereby guarantee payment of this Note." and signed (1) James H. Summer, (2) Delores H. Summer, and (3) Hal Kohn, Sr. The defendant's objection arises from a misapprehension of the common law rules of contractual liability and the applicability thereof. Thus at common law "[t]wo or more parties to a contract who promise to the same promisee that the same performance shall be given, thereby bind themselves (a) jointly, or (b) severally, or (c) jointly and severally * * *." Restatement, Contracts, Section 111. In an action upon a promise of the same performance made by two or more parties it became important to distinguish between joint, several, and joint and several liability because:

> [e]ach person bound by a joint promise is bound for the whole performance thereof, but my making appropriate objection can prevent recovery of judgment against him unless there are joined as defendants all promisors who were originally jointly bound with him * * *. Ibid., Section 117.

Were the common law rules to apply herein and were the defendant's obligation a joint one, his objection would be well taken. However, even at common law it was well recognized that

> [w]here a promise in a written contract is expressed in the first person singular, but the contract is signed by several persons, they are jointly and severally bound in the absence of express words in the instrument to the contrary. Ibid., Section 115.

The "I/we" of the guaranty herein meets even the narrow test of the Restatement, *a fortiori*, it would meet the broader rule that joint and several liability is created (1) where the obliga- tion is expressed in the singular but executed by two or more persons, or (2) expressed in the plural and executed by two or more persons, or (3) where the words used are: "we and each of us * * *." 38 C.J.S. Guaranty § 41; 4 Corbin on Contracts, § 937.

Where contractual liability is joint and several there can be no objection of non-joinder because in such a case, all who are liable may be joined, or one or more, or any number less than all may be sued, at the option of the plaintiff. Cohen v. Maryland Casualty Co., 4 F.2d 564, 566 (E.D.S.C.1925); Hatfield's Ex'rs v. Kennedy, 1 Bay 501 (S.C.1793); Corbin, supra, p. 774. In Hatfield's Ex'rs v. Kennedy, supra, the Court noted that "this, as Lord Mansfield says, has often been ruled over and over again." 1 Bay at 503. Thus, at common law, the plaintiff could have proceeded as it has against the defendant without joining the other guarantors. 38 C.J.S. Guaranty § 92b.

In addition, by statute the plaintiff has been enabled to proceed as he has. "Persons severally liable upon the same obligation or instrument * *. * may all, or any of them, be included in the same action at the option of the plaintiff." S.C.Code, 1962, § 10–206. Therefore, the plaintiff herein might sue one, or two, or all three guarantors at the plaintiff's election. Cohen v. Maryland Casualty Co., supra; McAlister v. Fidelity & Deposit Co., 37 F.Supp. 956 (D.C. 1941).

Third, defendant argues that the loan was so allocated upon disbursal that no operating capital was made available to Thermal, an omission which the plaintiff should not have allowed. The terms of the Act set forth the purposes and uses of monies lent under its authority. Title 15 U.S.C. § 636 provides:

> "(a) The Administration is empowered to make loans to enable small-business concerns to finance plant construction, conversion, or expansion, including the acquisition of land; or to finance the acquisi-

tion of equipment, facilities, machinery, supplies, or materials; or to supply such concerns with working capital to be used in the manufacture of articles, equipment, supplies, or materials for war, defense, or civilian production or as may be necessary to insure a well-balanced national economy; and such loans may be made or effected either directly or in cooperation with banks or other lending institutions through agreements to participate on an immediate or deferred basis."

Significantly, these purposes are set out in great generality. The disbursal of a loan may meet any of the uses denominated, but nothing in the Act and, indeed, nothing in the realm of sound reason would require a portion of every loan made by the S.B.A. to be allocated to *each* of the business uses named.

 Fourth, defendant contends that, in the making of a loan to a financially unsecure corporation and in requiring the defendant's guaranty therefor, the S.B.A. and the bank, as its "agent," were "negligent;" that such "negligence" vitiates the defendant's duty of performance. This argument is designed to enable the defendant to go behind the terms of the written instrument upon which plaintiff is suing. The Parol Evidence Rule prevents such an attempt, for it is universally recognized that when two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purposes of varying or contradicting the writing. Dunlop Tire and Rubber Corporation v. Thompson, 273 F.2d 396 (8 Cir. 1959)

By its answer, defendant raised none of the accepted pleas in mitigation of the application of the Parol Evidence Rule, such as *non est,* fraud, illegality, accident, or mistake. "Negligence" is not a

sufficient plea to raise the bar of the Rule. In fact, this particular argument ignores one of the expressed provisions of the Statute (636(a) (1)), a portion of which is quoted above, e. g., that the borrower be unable to obtain financing elsewhere. Of necessity loans made by and/or participated in by the S.B.A. are fraught with risk. The defendant, as an experienced businessman, can be charged with knowledge of this condition. After all, neither the Government nor the bank provided him as a guarantor for the loan herein; rather, he agreed to act as guarantor for and on behalf of Thermal, Inc., a company owned by his relatives.

Not only does defendant's answer contain no allegation of fraud on the part of the S.B.A. or of the bank, but also the defendant's attorneys expressly denied in argument that anyone was being accused of fraud. If, however, the thrust of the defendant's contentions in this regard is an accusation that he was misled by an officer or officers of the bank (which was acting in regard to the S.B.A. not as an agent of that organization but as a participating principle to the extent of its percentage of risk), then the defendant must seek the proper forum in which to air his grievance against the bank. Defendant, the bank and those of its officers involved in this transaction are all residents of the State of South Carolina. There is no Federal question involved in the controversy the defendant seems to be raising by way of innuendo. As clearly indicated by the District Court's holding in Houff, supra, defendant is not barred by the granting of the plaintiff's motion from seeking relief as he may be due in a proper forum.

Defendant seeks to invoke the reasoning, indeed the loophole, in the Parol Evidence Rule announced by South Carolina's Chief Justice McIver in Virginia-Carolina Chemical Company v. Moore & Hughes [2], quoting:

There can be no doubt that the rule as expressed in I Greenl.Ev. § 275, is

2. 61 S.C. 166, 39 S.E. 346.

well settled, that 'parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument,' though, as will be seen by the succeeding sections, this rule is subject to numerous exceptions, which, however, we will not now consider, as we do not understand that the testimony in question was offered for the purpose of either contradicting or varying any of the terms of the written contract set out as a part of the complaint. On the contrary, the pleadings very plainly show that it was no part of the defense to attack or modify any of the terms of the contract, as it was admitted in express terms; and, in addition to this, it was also admitted on the record that, by reason of the terms of such contract, together with the other facts alleged in the complaint, the defendants had become liable to pay to the plaintiff the sum of money demanded in the complaint.

This Court agrees with the reliability of such legal reasoning. But in that case, as the court said: "It is quite clear that the contract in writing, set out as an exhibit to the complaint, does not contain all of the terms of the transaction between the parties * * *." Such is not the case before this court. The facts are different. Defendant's effort of application must fail.

As to the relief sought by plaintiff, the reasonings of Houff and Mullins, supra, require that the Court grant plaintiff's motion for summary judgment. There is no substantial issue of fact in dispute between the parties. All agree that the loan hereinabove discussed was made in the manner alleged and that its repayment was absolutely guaranteed by the defendant. The defendant's answer raises no substantial defense to an action to recover against the guarantor a promissory note. Therefore, the relief sought pursuant to Rule 56 should be granted. Accordingly,

It is ordered: That the plaintiff have judgment against the defendant in the amount of Twenty-Two Thousand Four Hundred Twenty-Five and 76/100 Dollars ($22,425.76) as of May 22, 1963, together with the interest from that date and for the costs of this action.

And it is so ordered.