**UNITED STATES of America,**
**Plaintiff,**

v.

**BASIL'S FAMILY SUPERMARKET, INC., Basil Henry, Audrey Henry, Roston Henry, Norma Henry, Defendants.**

**No. 65 Civil 3868.**

United States District Court
S. D. New York.

Aug. 31, 1966.

Robert M. Morgenthau, U. S. Atty., for S. D. New York, Ronald P. Huntley, Asst. U. S. Atty., of counsel, for plaintiff.

Joseph Kelly, New York City, for defendants.

## MEMORANDUM

TENNEY, District Judge.

This is an action to recover judgment upon a note. On November 25, 1964, the defendant, Basil's Family Supermarket, Inc. (hereinafter referred to as "Supermarket"), through its President, Basil Henry, executed and delivered to the plaintiff for good and valuable consideration, through the Small Business Administration, an agency of the plaintiff, a promissory note with a principal sum of $10,000 and interest at the rate of 5½ percent per annum, the payment of which was guaranteed by defendants Basil Henry, Audrey Henry, Roston Henry and Norma Henry. Defendant Norma Henry was the Secretary-Treasurer of defendant Supermarket at that time.

Defendant Supermarket failed to make payments when due, and on October 1, 1965 plaintiff wrote to defendant Norma Henry, informing her that the entire unpaid balance and accrued interest were immediately due and payable and made

demand upon defendant Norma Henry for payment in full.

Thereafter, on December 20, 1965, plaintiff instituted this action against defendants, and now moves for summary judgment against defendant Norma Henry pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The foregoing facts either are not disputed or are clearly established by the documentary evidence on file herein. Defendant Norma Henry contends, however, that she was induced to sign the note as a co-guarantor by reason of the fraudulent representation of her brother, defendant Basil Henry; that plaintiff committed a fraud in accepting her guaranty; and that plaintiff, or more specifically the Small Business Administration (hereinafter referred to as "SBA"), did not exercise due diligence in endeavoring to collect the debt from the principal obligor, defendant Basil's Family Supermarket, Inc.

 It is well settled that when the prime obligor has fraudulently induced a person to sign as guarantor, such fraud may not be used as a defense against the obligee in an action on the note unless the obligee participated in the fraud. Rabon v. Putnam, 164 F.2d 80 (10th Cir. 1947); Standard Sur. & Cas. Co. v. Olson, 150 F.2d 385 (8th Cir. 1945); Stearns, Suretyship 108 (4th ed. 1934). The sole basis upon which plaintiff obligee is alleged to have participated in such fraud was in making the loan to defendant Supermarket "in violation of the most elementary rules of business" and "in violation of the laws enjoined on the Small Business Administration by Congress", or more specifically in violation of Title 15, United States Code, Section 636(a) (7), 72 Stat. 389 (1958), requiring that all loans granted by the SBA "shall be of such sound value or so secured as reasonably to assure repayment." Defendant recognizes that security within the meaning of the aforementioned statute includes personal guarantees. United States v. Kohn, 243 F.Supp. 293 (W.D.S.C.1965); United States v. Houff, 202 F.Supp. 471 (W.D.Va.), aff'd,

312 F.2d 6 (4th Cir.1962). Defendant argues that in light of her poor financial condition (a working woman earning $95 per week) and that of her co-guarantors (not further defined by her), the loan was not secured as required by statute. However, the aforementioned statute does not require that loans be so secured as to *absolutely*, but only to *reasonably* assure repayment. The requirement of the SBA that four persons guarantee the payment of the note would appear to be more than sufficient to comply with the statute. Assuming that no investigation as to the financial status of the guarantors was conducted prior to the granting of the loan, such an omission did not constitute fraud, either actual or constructive, as against defendant Norma Henry —there being no duty running from the SBA to a prospective guarantor requiring that an investigation be conducted of the prime obligor or of fellow prospective guarantors prior to the granting of a loan. As the Court observed in United States v. Kohn, supra, 243 F.Supp. at 297, "[o]f necessity loans made by and/or participated in by the S.B.A. are fraught with risk." This is true because the statute (Title 15, U.S.C. § 636(a) (1), 72 Stat. 388 (1958)) limits the granting of loans to situations where the "financial assistance applied for is not otherwise available on reasonable terms." Furthermore, defendant Norma Henry was the Secretary-Treasurer of the prime obligor, was a 20 percent owner thereof, and was on its payroll—so that she had ready access to its books and records, and agreed voluntarily and not at the instance of the SBA to act as co-guarantor. Security Nat'l Bank v. Compania Anonima De Seguros, 21 Misc.2d 158, 190 N.Y.S.2d 820 (Sup.Ct.1959), aff'd, 10 App.Div.2d 872, 199 N.Y.S.2d 532 (2d Dep't 1960), motion for leave to appeal denied, 10 App. Div.2d 1002, 205 N.Y.S.2d 811.

 Finally, the SBA was not required to exercise due diligence in attempting to collect from the prime obligor. The obligation of a guarantor on an SBA note is absolute and unconditional. United States v. Newton Livestock Auc-

tion Mkt., Inc., 336 F.2d 673 (10th Cir. 1964); United States v. Houff, supra.

Accordingly, defendant having raised no substantial defense to the action, plaintiff's motion for summary judgment pursuant to Rule 56 is hereby granted. United States v. Houff, supra, and United States v. Kohn, supra.

Accordingly,

It is ordered: That the plaintiff have judgment against the defendant Norma Henry in the amount of Ten Thousand Dollars ($10,000.00) as of November 25, 1964, together with the interest from that date and the costs of this action.

And it is so ordered.