**UNITED STATES of America**

v.

**KINTNER VALVE COMPANY et al.,
Defendants.**

**Civ. A. No. 72–171.**

United States District Court,
W. D. Pennsylvania.

Aug. 8, 1972.

Alexander L. McNaugher, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Rothman, Gordon, Foreman & Groudine, Pittsburgh, Pa., Dale & Brew, Erie, Pa., for defendants.

## MEMORANDUM

McCUNE, District Judge.

This is an action by the United States for the recovery of the balance due on a note executed by Kintner Valve Company (Kintner). We have jurisdiction under 28 U.S.C.A. § 1345. The Loan for $75,000.00 is evidenced by a note dated November 18, 1968, executed in favor of the Union National Bank of Pittsburgh. The Bank was participating with the Small Business Administration (SBA), as provided under 15 U.S.C.A. § 636, in making the loan (the note was executed on the Small Business Administration Form, SBA Form 154 (1–65)). Four guaranties were executed as security for the note, one by Edwin K. Kintner and Florence L. Kintner, his wife, one by Robert J. Kintner, one by John A. Barger and Jane G. Barger, his wife, and one by Lenning A. Davis and Esther C. Davis, his wife. Each guaranty was executed on the SBA guaranty form, SBA Form 158B(5–68). Kintner encountered difficulties and in 1969 after receiving SBA approval, Kintner's management was turned over to Techno Corporation (Techno). At that time (November 14, 1969) Techno executed a guaranty like the previous four. The SBA apparently imposed this requirement as a prerequisite to Techno's takeover of Kintner. In May of 1971 Kintner defaulted on the note. On August 18, 1971, Union National assigned all its right, title and interest in the note and guaranties to the SBA. Because of Kintner's defaults, on December 14, 1971, the SBA by certified mail notified all guarantors of the default and demanded payment of the balance due, $64,255.18, plus interest. When none of the guarantors responded this suit was filed. Kintner Valve failed to answer and a default judgment was taken against it. The answer of the other defendants admits execution of the loan, the guaranties, and the default of the principle obligor. In the answer filed by Edwin K. Kintner and Florence L. Kintner, his wife, Lenning A. Davis and Esther C. Davis, his wife, John D. Barger and Jane Barger, his wife, it is alleged as "New Matter" that the failure of Kintner was precipitated by actions of the SBA. That answer also asserts that these defendants are only subsureties and that Techno Corporation is the primary obligor. Techno Corporation's answer on the other hand alleges that the individual defendants are the primary guarantors. It is also alleged that SBA has failed to liquidate assets of the principal debtor, Kintner.

With the case in this posture, the United States has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

■■  The guaranties executed by all the defendants are for the most part identical. None of them even alludes to any relationship of subsuretyship between the various guarantors. There is limiting language in the guaranty executed by the Davis', specifically,

"The liability of the undersigned under this guaranty is limited to and shall remain at 13.2 percent of the entire outstanding balance of this debt."

Similarly, the guaranty executed by the Bargers states:

"The liability of the undersigned under this guaranty is limited to and shall remain at 13.4 percent of the entire outstanding balance of this debt."

The other guaranties contain no limitations. All the guaranties including those executed by the Davis' and Bargers state:

"In case the Debtor shall fail to pay all or any part of the liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the undersigned immediately upon the written demand of Bank, will pay to Bank the amount due and unpaid by the Debtor as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the undersigned. Bank shall not be required, prior to any such de-

mand on, or payment by, the undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the Debtor or others with respect to the payment of any of the liabilities, or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral. The undersigned shall have no right of subrogation whatsoever with respect to the Liabilities or collateral unless and until Bank or SBA shall have received full payment of all the Liabilities."

These SBA Guaranties have been held to be absolute guarantees of payment, United States v. Kohn, 243 F.Supp. 293 at 295 (W.D.S.C.1962), United States v. Houff, 202 F.Supp. 471 at 375 (W.D. Va.1962), aff'd, 312 F.2d 6 (4th Cir. 1962). Defendants' attempts at raising an issue of subsuretyship are attempts at varying an absolute guaranty which are impermissible under the Parol Evidence Rule, United States v. Kohn, 243 F.Supp. 293 at 297. Even without the parol evidence barrier, defendants are confronted with the fact that they do not allege or argue that the SBA participated in or had knowledge of any agreement by and between the defendants respecting indemnification. If the SBA was not a party to any such agreement by and between defendants then any such agreement would not be material to a determination of the SBA's right to recover on the guaranties, United States v. Basil's Family Supermarket, Inc., 259 F.Supp. 139 at 141 (S.D.N.Y.1966).

■ In their answer to the complaint the individual defendants allege, apparently by way of an affirmative defense, that the SBA was responsible for Kintner's default. They allege that the SBA acted arbitrarily and capriciously when it refused a take-over proposal of Ritter Engineering Corporation in favor of one submitted by Techno Corporation. The contention is that if the Ritter plan had been approved the default would not have occurred. However, while asserting that the SBA had behaved arbitrarily, the individual defendants admit that Ritter was not accepted because it could not or would not execute a guaranty of the original $75,000.00 loan. We conclude that these allegations do not make out a defense against the United States.

We further conclude that defendants each admit executing the respective guaranties, each admit that the underlying obligation is in default, and no defendant has presented any matter which would constitute a defense to the claim of the United States.

■ We also conclude that all defendants have promised the same performance, with the aforedescribed limitations respecting the Davis' and Bargers, and accordingly that the liability of all defendants is joint. It is elemental that each joint obligor is liable for performance of the entire obligation, 4 Corbin, Contracts, § 928. The plaintiff, United States, may at its option obtain satisfaction from any one of the defendants without consideration of any subsuretyship agreement by and between the various guarantors. Accordingly, we determine that there is no just reason for delay in the entry of judgment in favor of the plaintiff, United States.

The motion of the United States for summary judgment is granted and in accordance with Rule 54(b) of the Federal Rules of Civil Procedure final judgment in favor of the United States and against the defendants, excepting Kintner Valve Company against which a default judgment was taken, will be entered. We have been advised that a small payment has recently been made on account. Accordingly, the plaintiff shall present a proposed order within 20 days showing the amounts in which judgment shall be entered against each of the defendants.

Techno Corporation's motion to dismiss the cross claims of the individual defendants against Techno is denied and its motion for a more specific allegation is denied. We conclude that we should retain jurisdiction of the cross claims

even though a final judgment has been entered in the principal suit, 3 J. Moore, Federal Practice, ¶ 13.36 and ¶ 13.38 (2d ed. 1968).

So ordered.