UNITED STATES of America

v.

TEXARKANA TRAWLERS, A Partnership, Edward Page Oliver, Gerald H. Teasley, Jr., Robert S. McGinnis, Sr., Starkey Smith, Norris C. Knight, Jr., Edward Miller, Sheila Simpson, C. Jack Smith, Barry M. Green, Charles Bruce, John Dodge, Tom Blackmon and William W. Miller.

Civ. A. No. TX–85–142–CA.

United States District Court,
E.D. Texas,
Texarkana Division.

Feb. 17, 1987.

Richard K. Willard, Asst. Atty. Gen., Robert J. Wortham, U.S. Atty., Ruth Harris Yeager, Asst. U.S. Atty., Mee Lon Lam, Trial Atty., Civ. Div., Torts Branch, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Errol Friedman, Friedman and Hooper, James N. Haltom, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, Tex., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOE J. FISHER, District Judge.

In this cause of action, Plaintiff seeks collection of principal and interest due through certain Promissory Notes, some of which were entered into on April 17, 1984, as part of a refinancing program under Title XI of the Merchant Marine Act, 1936 (Title XI) and some of which were issued under the Fisheries Loan Fund (FLF). Defendants assert by way of affirmative defense that the Notes, Mortgages and Personal Guaranties that were part of the refinancing of the Title XI notes and which are sued upon would not have been entered into but for certain misrepresentations by the representatives of the Plaintiff which constituted fraud in the inducement which is a complete defense to the Plaintiff's cause of action. In addition, Defendants assert that their default on the FLF Notes resulted from the refinancing arrangement not being as it was represented to be.

Pursuant to Rule 52, Federal Rules of Civil Procedure, the Court, having considered all of the evidence and the arguments of counsel, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.

Texarkana Trawlers is a Texas partnership formed under the laws of the State of Texas. Each of the named individual Defendants in this lawsuit is a general partner of Texarkana Trawlers. Edward Page Oliver is, and was at all pertinent times, the managing partner of Texarkana Trawl-ers, and the personal representative of the individual Defendants.

2.

Thomas S. Allen was at all pertinent times an employee of the U.S. Department of Commerce, and functioned as Chief of the Financial Services Branch of the National Marine Fisheries Services and was acting within the scope of his employment. As such, Mr. Allen was an agent of the Plaintiff.

3.

In 1979, Buck Simpson, now deceased, executed six Preferred Ship Mortgages under Title XI of the Merchant Marine Act (Title XI), 46 U.S.C. §§ 1271–1279b, for each of the six SHRIMP KING vessels. For each of the First Preferred Ship Mortgages executed under the Title XI program, Buck Simpson also executed six Promissory Notes.

4.

On June 15, 1982, Texarkana Trawlers assumed the entire indebtedness and all obligations of the Promissory Notes and Mortgages as originally executed by Buck Simpson for the Title XI loans for the six SHRIMP KING vessels. On June 15, 1982, Texarkana Trawlers executed and delivered to Plaintiff six Assumptions of First Preferred Ship Mortgages on the six SHRIMP KING vessels for the Title XI loans.

5.

On April 17, 1984, the National Marine Fisheries Service of the Department of Commerce refinanced the six SHRIMP KING vessels by guaranteeing additional loans to the partnership pursuant to Title XI of the Merchant Marine Act of 1936.

6.

On April 17, 1984, as part of the refinancing of the Title XI loans, Texarkana Trawlers, by Edward Page Oliver, managing partner, executed and delivered to Sun Bank/Sun Coast National Association (the lender), six Promissory Notes, each for One Hundred Sixty-Six Thousand Nine Hundred Forty-five and no/100 ($166,945.00) Dollars, bearing interest at a rate of thirteen percent (13%) per annum. On April 17, 1984,

Plaintiff United States executed and delivered to Sun Bank/Sun Coast six guarantees that Texarkana Trawlers' Promissory Notes would be paid. On April 17, 1984, Texarkana Trawlers secured the payment of the Promissory Notes by delivering to Plaintiff six First Preferred Ship Mortgages (the mortgages) for each of the six SHRIMP KING vessels. On April 17, 1984, the individual Defendants executed and delivered personal guarantees of the additional partnership obligations of Texarkana Trawlers relating to the six SHRIMP KING vessels.

7.

The partnership, and the individual Defendants, would not have entered into the refinancing of the Title XI loans, including the Notes, Mortgages, and Personal Guaranties, but for the representations by duly authorized agents of the Plaintiff, including Thomas S. Allen of the National Marine Fisheries Services, that all participants in the refinancing arrangement devised and designed by agents of the Plaintiff, would be treated equally and under the same terms and conditions.

8.

The Plaintiff, acting through its agents, required Henry Singleton, Jr., to personally guarantee all of the vessels involved in the refinancing package with the exception of the six vessels owned by the Defendants.

9.

The representation by the agents of the Plaintiff that all participants in the refinancing arrangement would be treated equally and under the same terms and conditions was a misrepresentation of a material fact and a fraudulent misrepresentation. The misrepresentations by the agents of the Plaintiff induced the Defendants into entering into the refinancing arrangement, including Notes, Mortgages and Personal Guaranties. The Defendants' reliance on such representation by the duly authorized agents of the Plaintiff was justified. The Defendants suffered injury as a result of their reliance on the Plaintiff's misrepresentations in that Defendants' vessels were subjected to substantial risks that would not have existed had the refinancing arrangement been as represented.

10.

The risks imposed upon the Defendants as a result of the Plaintiff's fraudulent misrepresentations resulted in the complete loss of the Defendants' vessels.

11.

On May 19, 1981, Buck Simpson, now deceased, executed six Preferred Ship Mortgages for the loans issued under the Fisheries Loan Fund (FLF), under the Fish and Wildlife Act of 1956, 16 U.S.C. § 742c, in the amount of Sixty-One Thousand Eight Hundred Thirty-six and no/100 Dollars ($61,836.00) for each of the six SHRIMP KING vessels. On May 19, 1981, Buck Simpson also executed six Promissory Notes for the FLF obligations in the amount of Sixty-one Thousand Eight Hundred Thirty-six and no/100 Dollars ($61,836.00) for each SHRIMP KING vessel in exchange for direct loans from the National Marine Fisheries Service of the Department of Commerce.

12.

On June 15, 1982, Sheila Simpson, Executrix of the Estate of Buck Simpson, transferred the six SHRIMP KING vessels to Defendant Texarkana Trawlers, and it assumed the entire indebtedness and all obligations of the Promissory Notes and Mortgages originally held by Buck Simpson for the FLF loans for the six SHRIMP KING vessels. On June 15, 1982, Texarkana Trawlers executed and delivered to Plaintiff six Assumptions of Preferred Ship Mortgages on the six SHRIMP KING vessels for the FLF loans. On June 15, 1982, the Defendants executed and delivered to Plaintiff personal guarantees of the partnership obligation of Texarkana Trawlers relating to the six SHRIMP KING vessels.

13.

Texarkana Trawlers defaulted on the secured notes and mortgages for the FLF loans. Texarkana Trawlers' default on the FLF loans was due to the loss of Texarkana Trawlers' vessels, which loss resulted from the refinancing arrangement not being as Plaintiff represented it to be. The

loss of Defendants' vessels further resulted in Defendants' inability to make payments on the FLF loans, and the eventual default on those loans. As of October 27, 1986, the outstanding balance of the six FLF Mortgages and Notes amounted to $407,879.77.

14.

As of April 17, 1984, the outstanding balance of the six FLF Mortgages and Notes amounted to $327,373.94. On April 17, 1984, Defendants' six vessels had a total fair market value of $1,200,000.00. Had Defendants sold the vessels on April 17, 1984, rather than refinancing, $1,001,670.00 of the sales proceeds would have been applied to retire the Title XI loans. The remaining proceeds, $198,330.00, would have been applied to reduce the outstanding balance of the six FLF Notes leaving a balance of $129,043.94.

## CONCLUSIONS OF LAW

### I.

█ The statements by the duly authorized agents of the Plaintiff to the effect that all participants in the refinancing agreement devised and designed by the National Marine Fisheries Service would be treated equally and under the same terms and conditions were misrepresentations, that were material and/or fraudulent, that induced the Defendants into making the Notes, Mortgages, Agreements and Personal Guaranties that made up the refinancing arrangement. The Defendants' reliance on such misrepresentations was justified. The actions by the Plaintiff constituted fraud in the inducement and resulted in damages to the Defendants. The Notes, Mortgages, Agreements and Personal Guaranties, therefore, may not be enforced by the Plaintiff against the Defendants. Restatement (Second) Contracts, §§ 159 through 173, Introductory Note; 17 Am. Jur.2d "Contracts" § 151; *Homelite v. Trywilk Realty Co.*, 272 F.2d 688 (4th Cir. 1959); *Fredonia Broadcasting Corporation, Inc. v. RCA Corporation*, 569 F.2d 251, (5th Cir.), *cert. den'd.*, 99 S.Ct. 177, 439 U.S. 859, 58 L.Ed.2d 167 (1978); *Stone v. Lawyers Title Insurance Corporation*, 554 S.W.2d 183 (Tex.1977).

### II.

█ The Personal Guaranties signed by the individual Defendants are not enforceable by the Plaintiff because the Plaintiff was a participant in the fraud that led to the execution of the Personal Guaranties. *Standard Surety & Casualty Co. v. Olson*, 150 F.2d 385 (8th Cir.1945); *United States v. Basil's Family Supermarket, Inc.*, 259 F.Supp. 139 (S.D.N.Y.1966); *First Nat. Bank, Henrietta v. Small Business Admin.*, 429 F.2d 280 (5th Cir.1970).

### III.

█ Defendants are liable to Plaintiff for the outstanding balance of the six FLF Mortgages and Notes as of April 17, 1984, less the sum of $198,330.00, plus interest at the rate of 9.09%.

It is hereby ORDERED AND ADJUDGED that the Plaintiff have judgment against Defendants for the outstanding balance of the six FLF Mortgages and Notes as of April 17, 1984, less the sum of $198,330.00, for a balance owing of $129,043.94, plus interest at the rate of 9.09% until date of Judgment; and that the Plaintiff take nothing from the Defendants on the refinancing of Title XI loans; and that the Defendants shall recover their costs expended herein.